ROTHENBERG, J.
 

 The defendant, United Automobile Insurance Company (“United Auto”), appeals the trial court’s order entering final summary judgment in favor of the plaintiff, Millennium Diagnostic Imaging Center, Inc., a/a/o Sandra Perez (“Millennium Diagnostic”). We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.030(b)(4)(A) to review questions certified by the county court as being of great public importance. We reverse the order under review, and remand for further proceedings consistent with this opinion.
 

 7.
 
 FACTS
 

 Sandra Perez (“Perez”) was involved in an automobile accident. Millennium Diagnostic performed an MRI on Perez, and Perez assigned her right to personal injury protection (“PIP”) benefits to Millennium Diagnostic. Millennium Diagnostic, as as-signee, sought PIP benefits from United Auto. After payment was not received, Millennium Diagnostic, pursuant to section 627.736(11), Florida Statutes (2003), sent a demand letter notifying United Auto of its intent to initiate litigation. After United Auto failed to pay the claim, Millennium Diagnostic filed suit against United Auto in Miami-Dade County Court for breach of contract.
 

 Millennium Diagnostic moved for summary judgment, arguing in part that the MRI was reasonable, related, or necessary, and in support, submitted the affidavits of Dr. Chilito and Dr. Godreau, Perez’s treating physicians. In opposition to the motion for summary judgment, United Auto submitted the affidavit and report of Dr. Peter J. Millheiser, M.D., stating that “[tjhere was no indication for an MRI in this patient” and that the “Spinal MRI testing was medically unreasonable, unnecessary, and unrelated to this accident.” In preparing the report, Dr. Millheiser did not physically examine Perez, but reviewed the MRI, several of Dr. Chilito’s examination and x-ray reports, and the independent medical examination (“IME”) reports prepared by Dr. Pedro Musa-Ris, M.D. and Dr. Michael Weinreb, D.C.
 

 On Millennium Diagnostic’s motion, the trial court struck Dr. Millheiser’s affidavit and report, finding that, within the meaning of section 627.736(7)(a), the report was not a “valid report” because it was not obtained within thirty days of United Auto’s receipt of Millennium Diagnostic’s claim. The trial court granted Millennium Diagnostic’s motion for summary judgment, and thereafter entered final judgment in favor of Millennium Diagnostic. The trial court denied United Auto’s motion for reconsideration, but certified the following two questions as being of great public importance:
 

 
 *244
 
 (1) AFTER THE 2001 AMENDMENT TO SECTION 627.736(4)(b), FLORIDA STATUTES, MAY TREATMENT BE DENIED BY AN INSURER, PURSUANT TO SECTION 627.736(7)(a), ON THE GROUND THAT THE TREATMENT WAS NOT REASONABLE, RELATED OR MEDICALLY NECESSARY BASED ON A MEDICAL REPORT THAT WAS OBTAINED BY THE INSURER MORE THAN THIRTY (30) DAYS AFTER RECEIVING NOTICE OF A CLAIM BASED ON THAT TREATMENT?
 

 (2) IS AN INSURER REQUIRED BY SECTION 627.736(7)(a), FLORIDA STATUTES, TO OBTAIN A MEDICAL REPORT FROM A PHYSICIAN WHO HAS PERSONALLY EXAMINED THE INSURED BEFORE IT MAY WITHDRAW OR DENY PERSONAL INJURY PROTECTION BENEFITS?
 

 II. ANALYSIS
 

 A. First Certified Question
 

 The first certified question addresses whether, following the 2001 amendment to section 627.736(4)(b), a “report,” obtained by the insurer pursuant to section 627.736(7)(a) to deny benefits on the ground that the treatment was not reasonable, related, or necessary, is a “valid report” if it was not obtained by the insurer within thirty days of receipt of the claim.
 
 [1]
 

 In
 
 United Automobile Insurance Co. v. Rodriguez,
 
 808 So.2d 82 (Fla.2001), which interprets the 1997 version of section 627.736, the Florida Supreme Court addressed whether an insurer that fails to pay a PIP claim within the thirty-day time period set forth in section 627.736(4)(b), is “forever barred from contesting the claim.”
 
 Id.
 
 at 85. The Court held that the insurer is not forever barred, but is subject to statutory penalties, such as interest on overdue payments and attorney’s fees.
 
 Id.
 
 at 87. The Florida Supreme Court summarized the “criteria governing payment of [PIP] benefits and penalties” as follows:
 

 (1) an insured may seek the payment of benefits for a covered loss by submitting “reasonable proof,” of such loss to the insurer; (2) if the benefits are not paid within thirty days and the insurer does not have reasonable proof that it is not
 
 *245
 
 responsible for the payment, the payment is “overdue”; (3) all “overdue” payments shall bear simple interest ...; and (4) whenever an insured files an action for payment of PIP benefits and prevails, the insured is entitled to attorneys’ fees.
 

 Id.
 
 at 86 (footnotes omitted). Moreover, the Court clarified that the “reasonable proof’ referred to in subsection (4)(b) does not “mean
 
 only
 
 a medical report.”
 
 Id.
 
 at 87.
 

 Section 627.736(4)(b), Florida Statutes (2003), which is at issue in the present case, provides in relevant part as follows, with the underscored text indicating language that was added in the 2001:
 

 Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same.... However, notwithstanding the fact that written notice has been furnished to the insurer, any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment.... This paragraph does not preclude or limit the ability of the insurer to assert that the claim was unrelated, was not medically necessary, or was unreasonable Such assertion by the insurer may be made at any time, including after payment of the claim or after the 30-day time period for payment set forth in this paragraph.
 

 (Emphasis added).
 
 See
 
 Ch. 2001-271, § 6, at 2930, Laws of Fla.
 

 Section 627.736(4)(b) imposes on the insurer a thirty-day time period to pay PIP benefits that are “due” under section 627.736, and if these PIP benefits are not paid within the thirty-day time period, the benefits are deemed “overdue.” If a PIP payment is “overdue,” the “overdue payment ] shall bear simple interest.” § 627.736(4)(c), Fla. Stat. (2003). Further, if an insured (or an assignee of the insured’s rights under the PIP policy) files an action against the insurer for payment of PIP benefits, and the insured/assignee prevails, the insurer must pay the insured/assignee’s attorney’s fees. § 627.736(8), Fla. Stat. (2003). Thus, there are statutory penalties for not paying “due” PIP benefits within the thirty-day time period.
 

 The language in section 627.736(4)(b) pertains to PIP benefits that are “due” under the policy. If a medical bill is submitted for treatment that is not reasonable, related, or necessary, there can possibly be no benefits “due” under the policy, and therefore, that claim cannot be deemed “overdue.” Section 627.736(4)(b) provides that the insurer can assert, “at any time, including ... after the 30-day time period for payment,” that “the claim was unrelated, was not medically necessary, or was unreasonable.” As articulated by this Court in
 
 United Automobile Insurance Co. v. Bermudez,
 
 980 So.2d 1213 (Fla. 3d DCA 2008):
 

 Section 627.736(4), [Florida Statutes (2006),] ... deals with timing as to when PIP benefits that are properly due must be paid by an insurer before they are considered overdue.... [S]ection 627.736(4) expressly provides that “[t]his paragraph does not preclude or limit the ability of the insurer to assert that the claim was unrelated, was not medically necessary, or was unreasonable.” Instead, we find that a withdrawal of PIP benefits on the basis that the medical treatment received was unrelated, unnecessary, or unreasonable is properly dealt with in accordance with section 627.736(7)(a).
 

 
 *246
 

 Id.
 
 at 1216-17. Moreover, the
 
 Bermudez
 
 court relied on
 
 AIU Insurance Co. v. Daidone,
 
 760 So.2d 1110 (Fla. 4th DCA 2000), which held “that the thirty-day period in section 627.736(4) applies only to benefits which are reasonable and necessary as a result of the accident.”
 
 Bermudez,
 
 980 So.2d at 1217 n. 4 (quoting
 
 AIU Ins.,
 
 760 So.2d at 1112).
 

 Based on the unambiguous language of section 627.736(4)(b) and applicable case law, we answer the certified question, as phrased by the trial court, in the affirmative, and conclude that the thirty-day time period set forth in section 627.736(4)(b) does not apply to claims for unrelated, unreasonable, or unnecessary treatment. Therefore, an insurer may challenge such treatment at any time, and is permitted to rely on a report, obtained pursuant to section 627.736(7)(a), even if the report is obtained more than thirty days after the claim was submitted. The insurer, however, must keep in mind that if its challenge fails, it will be liable for interest and attorney’s fees.
 

 B. Second Certified Question
 

 The second certified question addresses whether the report, obtained by the insurer pursuant to section 627.736(7)(a) to deny PIP benefits on the ground that the treatment was not reasonable, related, or necessary, was a “valid report,” as the reviewing physician’s report was not based on his personal physical examination of the insured, but instead was based on the review of the insured’s medical records, including IME reports. This issue has been directly addressed by this Court in Bermudez,
 
 [2]
 

 In
 
 Bermudez,
 
 the trial court granted the insured’s motion for summary judgment based on its finding that the report obtained by the insurer to withdraw PIP benefits pursuant to section 627.736(7)(a) was not a “valid report” because the report was based solely on the reviewing physician’s review of the insured’s medical records, including an IME report, and was not based on the reviewing physician’s physical examination of the insured. This Court reversed the order granting final judgment in favor of the insured, finding as follows:
 

 [A] “valid report” for the withdrawal of PIP benefits does not have to be based upon a physical examination conducted by the actual physician preparing the report. Instead, we hold that under section 627.736(7)(a) a medical report issued for the withdrawal of PIP benefits may be based on a physical examination of the insured that is conducted by either the physician preparing the report or another physician’s examination.
 

 Id.
 
 at 1215 (footnote omitted). As noted in
 
 Bermudez,
 
 the language defining a “valid report” was added in the 2001 amendment to section 627.736(7)(a), “in an effort to clarify the requirements of physician reports created for the purpose of withdrawing benefits.”
 
 Id.
 

 Thus, based on our holding in
 
 Bermu-dez,
 
 we answer the certified question, as phrased by the trial court, in the affirmative, and conclude that the medical report issued by Dr. Millheiser constitutes a “valid report” under section 627.736(7)(a), even though the report was not based on his physical examination of Perez.
 

 III. CONCLUSION
 

 We answer the first certified question in the affirmative, and the second certified question in the negative. We hold that (1) an insurer, in challenging a PIP claim under section 627.736(7)(a) on the ground
 
 *247
 
 that the treatment was not reasonable, related, or necessary, may rely on a report obtained more than thirty days after the claim was submitted; and (2) under section 627.736(7)(a), the reviewing physician’s report issued to deny PIP benefits may be based on either a physical examination of the insured by the physician submitting the report or a physical examination of the insured by “another physician,” such as an IME physician.
 
 [3]
 
 Based on our holding, we reverse the trial court’s order entering final summary judgment in favor of Millennium Diagnostic, and upon remand, the trial court is instructed to consider the report and affidavit submitted by Dr. Millheiser.
 

 Reversed and remanded.
 

 [1]
 

 . Section 627.736(7)(a), Florida Statutes (2003), provides in relevant part as follows, with the language added in 2001 printed in underscored type:
 

 (7) Mental and physical examination of injured person; reports.—
 

 (a) ... An insurer may not withdraw payment of a treating physician without the consent of the injured person covered by the personal injury protection, unless the insurer first obtains a valid report by a Florida physician licensed under the same chapter as the treating physician whose treatment authorization is sought to be withdrawn, stating that treatment was not reasonable, related, or necessary. A valid report is one that is prepared and signed by the physician examining the injured person or reviewing the treatment records of the injured person and is factually supported by the examination and treatment records if reviewed and that has not been modified by anyone other than the physician. The physician preparing the report must be in active practice, unless the physician is physically disabled. Active practice means that during the 3 years immediately preceding the date of the physical examination or review of the treatment records the physician must have devoted professional time to the active clinical practice of evaluation, diagnosis, or treatment of medical conditions or to the instruction of students in an accredited health professional school or accredited residency program or a clinical research program that is affiliated with an accredited health professional school or teaching hospital or accredited residency program. ...
 

 See
 
 Ch. 2001-271, § 6, at 2936, Laws of Fla.
 

 [2]
 

 . The final judgment was entered before this Court issued its decision in
 
 Bermudez.
 

 [3]
 

 . United Auto has requested that we determine whether "another physician" would also include the insured’s treating physicians. As this issue is not properly before this Court in this case, we decline United Auto’s request.