SUAREZ, J.
 

 United Automobile Insurance Company (“United Auto”) petitions for a writ of certiorari, pursuant to Article V, section 4(b) of the Florida Constitution and Florida Rule of Appellate Procedure 9.030(b)(2)(B), to quash a decision of the Circuit Court Appellate Division holding that a medical report, produced in accordance with section 627.736(7)(a), Florida Statutes (2005), as a precondition to withdrawal of PIP benefits, must be based on a physical examination performed by a physician, other than the treating physician, who conducts an independent medical examination. On second-tier certiorari review,
 
 see Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885 (Fla.2003), we grant the petition, issue the writ, and quash the decision of the circuit court on grounds that the circuit court departed from clearly established law.
 

 United Auto insured Magda Davis under a PIP automobile insurance policy. She was involved in an automobile accident on April 2, 2005. Ms. Davis was treated at the Metro Injury & Rehab
 
 *899
 
 Center (“Metro”), and she assigned to Metro her right to benefits under the policy. On September 15, 2005, United Auto notified Ms. Davis that it was denying payment of Metro’s bills on the authority of section 627.736(7)(a), based on a report of Dr. Michael Goldberg, who reviewed the accident report, medical records and statements of her treating physician and concluded that further treatment was not reasonable, necessary, or related to the accident.
 
 [1]
 
 The statute provides in pertinent part:
 

 (7) Mental and physical examination of injured person; reports.—
 

 (a) Whenever the mental or physical condition of an injured person covered by personal injury protection is material to any claim that has been or may be made for past or future personal injury protection insurance benefits, such person shall, upon the request of an insurer, submit to mental or physical examination by a physician or physicians.
 

 [[Image here]]
 

 An insurer may not withdraw payment of a treating physician without the consent of the injured person covered by the personal injury protection, unless the insurer first obtains a valid report by a Florida physician licensed under the same chapter as the treating physician whose treatment authorization is sought to be withdrawn, stating that treatment was not reasonable, related, or necessary.
 
 A valid report is one that is prepared and signed by the physician examining the injured person or reviewing the treatment records of the injured person
 
 and is factually supported by the examination and treatment records if reviewed and that has not been modified by anyone other than the physician.
 

 § 627.736(7)(a), Fla. Stat. (2005) (emphasis added).
 

 Metro sued United Auto for breach of contract, seeking PIP benefits under the policy. Metro filed a motion for summary judgment on grounds of breach of its assigned contract with United Auto for PIP benefits, on behalf of Ms. Davis. United Auto filed a motion for summaiy judgment based on an affidavit of Dr. Goldberg, which it attached in support of its motion. The trial court granted Metro’s motion for summary judgment concluding that Dr. Goldberg’s peer review report was not a “valid report” under section 627.736(7)(a) because it was neither based upon nor factually supported by an independent medical examination. The circuit court affirmed the summary judgment in favor of Metro holding that “[a] report based only upon a review of the records of the insured’s treating physician is not a valid report within the meaning of section 627.736(7)(a).” United Auto petitions this Court for a writ of certiorari reversing the holding of the circuit court. We grant the petition and quash the holding.
 
 [2]
 

 United Auto claims, on this second-tier petition for writ of certiorari, that the circuit court departed from clearly established law by refusing to follow
 
 United Automobile Insurance Co. v. Bermudez,
 
 980 So.2d 1213 (Fla. 3d DCA 2008), and instead applied incorrectly rules of statuto
 
 *900
 
 ry construction to interpret the meaning of the term, “valid report” under section 627.736(7)(a). Metro argues that the holding in
 
 Bermudez
 
 does not apply to the facts before us, and, therefore, the circuit court applied the correct law. We agree with United Auto and follow our holding in
 
 Bermudez,
 
 wherein we interpreted the meaning of “valid report” under section 627.736(7)(a). Bermudez, after being involved in a car accident, sought medical treatment for her injuries. After bills had been submitted to United Auto for payment, United Auto obtained a report from Dr. Peter Millheiser in accord with section 627.736(7)(a). Without conducting a physical examination, Dr. Millheiser reviewed Bermudez’s treatment records, including office visits, physical therapy, ultrasound, x-rays, an MRI, and an independent medical examination, which previously had been performed upon United Auto’s request. Based on his report, which concluded that certain of these expenses were not reasonable, related, or necessary, United Auto withdrew payment pursuant to the statute. In construing whether this was a “valid report” under the statute, we found that a “valid report” for the withdrawal of PIP benefits does not have to be based upon a physical examination conducted by the actual physician preparing the report. Instead, we held that, under section 627.736(7)(a), a “valid report” for the withdrawal of PIP benefits “may be based on a
 
 physical examination of the insured that
 
 is
 
 conducted by either the physician preparing the report or another physician’s examination.” Bermudez,
 
 at 1215 (emphasis added).
 
 [3]
 
 In other words, the physician preparing the report does not have to personally examine the insured. He or she may base the report on another physician’s examination whether an IME or an examination conducted by the treating physician.
 

 We follow our prior holding in
 
 Ber-mudez,
 
 and hold that, in order to constitute a “valid report” under section 627.736(7)(a), the physician who issues the report must be a physician who examines the insured or, excluding the treating physician, a physician who reviews the examination and treatment records of the insured. The reporting physician does not have to have personally conducted a physical examination of the insured. We would like to stress, in the hope of avoiding any future confusion, that, although, in
 
 Bermu-dez,
 
 an IME had been performed,
 
 Bermu-dez
 
 does not stand for the proposition that an IME is required in order for a report to be a “valid report.”
 

 We grant the petition for writ of certio-rari, issue the writ, and reverse the decision of the circuit court.
 

 Petition granted.
 

 [1]
 

 . It was also Dr. Goldberg’s opinion that a battery of x-rays, a series of physical therapy and an office visit were unreasonable, unnecessary, or unrelated to the accident.
 

 [2]
 

 . At oral argument, this Court raised the question of whether, in fact, instead of being a question of the interpretation of the "valid report” provision of section 627.736(7)(a), the proper analysis should have been pursuant to section 627.736(4)(b). Neither party raised this issue below or in their briefs and the opinion of the Appellate Division of the Circuit Court addressed the issue as a 627.736(7)(a) question. Thus, we will issue this opinion based on an analysis of the 627.736(7)(a) issue presented.
 

 [3]
 

 . The holding in
 
 Bermudez
 
 was, in part, based on the legislative history of the statute.
 
 See
 
 Senate Staff Analysis and Economic Impact Statement, Senate Bill 1092 (Fla.2001), which supports our determination here.
 

 Independent Medical Examinations (IMEs) — Under current law, a PIP insurance company cannot withdraw payment of a treating physician without the consent of the injured person, unless the company first obtains a "report” by another physician stating that such treatment was not reasonable, related, or necessary... .The legislátion requires that such a report be a "valid” one and specifies what a valid report means.
 
 It provides that such a report is one prepared and signed by the physician examining the injured person or, in the alternative, reviewing the treatment records of the injured person
 
 and such report is factually supported by the examination and treatment records if reviewed and that has not been modified by anyone other than the physician.
 

 (emphasis added).