PER CURIAM.
 

 The insurer, United Automobile Insurance Company (“United”), petitions for a writ of certiorari to review a county court’s order, affirmed by the circuit court, striking a peer review report supporting United’s denial of an insured’s claim.
 

 When, on November 8, 2006, the county court struck the report because it was
 
 *890
 
 created more than thirty days after the insured submitted its claim, and when, on May 4, 2009, the circuit court affirmed the trial court’s order, the courts were operating without the benefit of this Court’s decision in
 
 United Automobile Insurance Co. v. Millennium Diagnostic Imaging Center, Inc.,
 
 12 So.3d 242 (Fla. 3d DCA 2009). In
 
 Millennium,
 
 we answered the very question confronted by the trial court in this case and contrary to the trial court, concluded
 

 that the thirty-day time period set forth in section 627.736(4)(b) does not apply to claims for unrelated, unreasonable, or unnecessary treatment. Therefore, an insurer may challenge such treatment at any time, and is permitted to rely on a report, obtained pursuant to section 627.736(7)(a), even if the report is obtained more than thirty days after the claim was submitted.
 

 Id.
 
 at 246.
 

 Accordingly, we grant the petition for a writ of certiorari, quash the order striking the peer review report, and remand to the county court for further proceedings consistent with this opinion.