COPE, J.
 

 This is a petition for second-tier writ of certiorari in a personal injury protection (“PIP”) case. We grant the petition.
 

 Maria Garcia was insured by United Automobile Insurance Co. (“United Auto”). She was injured in an automobile accident and was treated by Dr. Eduardo J. Garri-do. Ms. Garcia assigned her PIP benefits to Dr. Garrido.
 

 Dr. Garrido submitted his bills to United Auto, who did not pay them. Dr. Garrido brought suit.
 

 Prior to trial, Dr. Garrido filed a motion in limine to bar the admission of the opinion of United Auto’s reviewing physician, Dr. Neil Fleisher. The motion explained that Dr. Fleisher had prepared a written report based on his review of Ms. Garcia’s treatment records. According to the motion, Dr. Fleisher opined that some, but not all, of the care was not medically necessary or related to the automobile accident. Dr. Garrido requested an order excluding Dr. Fleisher’s report because Dr. Fleisher did not perform an independent medical examination (“IME”) of the insured.
 

 At argument on the motion in limine, both sides agreed that there was an internal conflict of decisions on this issue within the appellate division of the circuit court. Both sides agreed that the county court judge was free to choose the precedent she regarded as better reasoned. The county court judge granted the motion in limine. In subsequent proceedings, the court entered summary judgment in favor of Dr. Garrido, and United Auto appealed. The appellate division of the circuit court affirmed without opinion, and United Auto has filed a petition for second-tier writ of certiorari with this court.
 

 Dr. Gañido argues that this case is not worthy of consideration on second-tier cer-tiorari. We disagree. This case is one of a number of petitions this court has entertained, including one proceeding en banc, in an effort to clarify the procedural as
 
 *122
 
 pects of the PIP statute.
 
 See United Automobile Ins. Co. v. Santa Fe Medical Center,
 
 21 So.3d 60 (Fla. 3d DCA 2009) (en banc);
 
 see also Partners in Health Chiropractic v. United Automobile Ins. Co.,
 
 21 So.3d 858 (Fla. 3d DCA 2009);
 
 United Automobile Ins. Co. v. Metro Injury & Rehab Center,
 
 16 So.3d 897 (Fla 3d DCA 2009). The parties acknowledged at the time of the county court hearing that there was an internal conflict of decisions in the appellate division of the circuit court. Under the circumstances, certiorari review is appropriate.
 
 See Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 889-90 (Fla.2003).
 

 Dr. Garrido argues that United Auto’s issue is not sufficiently preserved for appellate review because it failed to have Dr. Fleisher’s report marked and made part of the record. In this case, however, the substance of the report was sufficiently communicated in the text of the motion in limine and in the statements by counsel to the county court judge in argument on the motion in limine.
 
 See
 
 § 90.104(l)(b), Fla. Stat. (2008). The point is adequately preserved.
 

 Turning to the merits, the parties litigated the case on the assumption that paragraph 627.736(7)(a), Florida Statutes, was applicable. Assuming for purposes of discussion that is so, the appellate division departed from the essential requirements of law. In a ease governed by paragraph 627.736(7)(a), the report can be issued by “a physician who reviews the examination and treatment records of the insured.”
 
 United Automobile Ins. Co. v. Metro Injury and Rehab Center,
 
 16 So.3d at 900.
 

 In the meantime, this court has issued its en banc decision in
 
 United Automobile Insurance Company v. Santa Fe Medical Center.
 
 That decision clarified that in the case of a complete denial of payment, paragraph 627.736(4)(b) is controlling, not paragraph 627.736(7)(a). Slip op. at 5. The case must be returned to the county court for further proceedings consistent with
 
 United Automobile Ins. Co. v. Metro Injury
 
 and
 
 United Automobile Ins. Co. v. Santa Fe Medical Center.
 

 Petition granted.