CORTEÑAS, J.
 

 United Automobile Insurance Company (“United”) appeals the county court’s summary judgment in favor of Eduardo Garri-do, (“Dr. Garrido”). The county court certified the following question as one of great public importance:
 

 WHETHER EXPERT TESTIMONY BASED ON A PHYSICIAN’S REPORT THAT WAS
 
 NOT
 
 FIRST OBTAINED BY THE INSURER BEFORE PIP BENEFITS WERE
 
 *113
 
 WITHDRAWN OR DENIED IN VIOLATION OF THE STATUTORY PREDICATE UNDER § 627.736(7)(A), FLA. STAT. (2003) IS ADMISSIBLE TO SUPPORT AN INSURER’S LEGAL DEFENSE ON MEDICAL NECESSITY AND RELATEDNESS IN AN ACTION FOR PIP BENEFITS?
 

 See
 
 Fla. R.App. P. 9.160.
 

 In this evolving area of the law, two recent decisions from this Court persuade us to rephrase the certified question as follows:
 

 IN AN ACTION FOR PIP BENEFITS, DOES SECTION 627.736(7)(a), FLORIDA STATUTES (2003) PROHIBIT THE ADMISSION OF EXPERT TESTIMONY THAT IS BASED ON A PHYSICIAN’S REPORT NOT FIRST OBTAINED BEFORE PIP BENEFITS WERE DENIED?
 

 We answer the rephrased certified question in the negative and reverse.
 

 As a result of a car accident injury, Ana Perez De Alarcon (“Alarcon”) sought chiropractic treatment from Dr. Garrido, a licensed chiropractor. According to the terms of Alarcon’s insurance policy, United would reimburse eighty percent of the reasonable amount of a covered loss, including chiropractic treatment.
 
 [1]
 
 On March 24, 2006, Alarcon began chiropractic treatment. Three weeks later, United required Alarcon to submit to an independent medical examination (“IME”) conducted by Dr. Marfisi, a licensed chiropractor and Dr. Gaston, a medical doctor. On April 21, 2006, United notified Alarcon that it was suspending benefits for chiropractic services rendered after April 13, 2006. However, United did not address pre-IME services. Notwithstanding the denial letter, Dr. Garrido billed United for a total of $4,090.00, which covered Alarcon’s chiropractic treatment during the period of March 24, 2006 through May 26, 2006. United did not pay. Pursuant to section 627.736(10), Dr. Garrido then sent United a pre-suit letter demanding full payment of the billed amount. United did not respond.
 

 On September 18, 2006, Dr. Garrido sued United in county court, seeking payment for the treatment he provided to Alarcon. On April 8, 2008, Dr. Garrido moved for summary judgment, alleging that there were no genuine issues of material fact. Accompanying United’s memorandum in opposition to summary judgment was a peer review report stating that none of Alarcon’s treatment was reasonable, related, or necessary (“RRN”). The peer review report was prepared on September 16, 2008 by Dr. Merrit, a licensed chiropractor.
 

 At the hearing on Dr. Garrido’s motion for summary judgment, the court first addressed whether Dr. Merrit’s report was admissible to support United’s claim that Alarcon’s treatment was not RRN. The trial determined that Dr. Merrit’s report, as one not first obtained prior to denying payment, and therefore in violation of section 627.736(7)(a), was inadmissible to disprove RRN. Having so concluded, and left without any other evidence to contradict Dr. Garrido’s claim that the treatment was RRN, the court granted summary judgment in favor of Dr. Garrido.
 

 In
 
 United Automobile Insurance Co. v. Millennium Diagnostic Imaging Center, Inc.,
 
 12 So.3d 242, 246-47 (Fla. 3d DCA 2009), we held that an insurer may at any time challenge whether treatment is RRN,
 
 *114
 
 and is permitted to rely on a report obtained pursuant to section 627.736(7)(a) even when the report is obtained more than thirty days after the claim was submitted. Building on this conclusion, we explained in
 
 United Automobile Insurance Co. v. Sante Fe Medical Center,
 
 21 So.3d 60, 2009 WL 3188957 (Fla. 3d DCA 2009), that an insurer’s obligation, pursuant to section 627.736(7)(a), to first obtain a medical report, applied only to withdrawal — as opposed to denial — of payment to a treating physician. Here, United denied payment. Accordingly, the “first obtained” language of section 627.736(7) (a) is not controlling and the court erred in finding otherwise. We reverse on this issue and affirm on all other issues on appeal.
 

 Affirmed in part, reversed in part, and remanded.
 

 [1]
 

 . Per the terms of the policy, United also agreed to reimburse a resident relative of the insured. In this case, Ms. Alarcon's resident relative was Joseph Alarcon, who assigned his right of reimbursement to Dr. Garrido.