PER CURIAM.
Central Magnetic Imaging Open MRI of Plantation, Ltd. (Central Magnetic) petitions this court for second-tier certiorari review of an appellate decision of the circuit court. We deny the petition but write to address one of the issues raised.
On March 5, 2005, the insured, Evelyn Deshommes, was involved in an auto accident. In the ninety days that followed, she received forty-seven chiropractic treatments at Advanced Chiropractic and Medical Center (Advanced Chiropractic), many times on successive days and up to four days in a row. Then, just before treatment was terminated, Advanced Chiropractic ordered an MRI at Central Magnetic. Central Magnetic, as assignee of Deshommes’s personal injury protection (PIP) benefits, submitted a bill for the MRI.
*783 Deshommes’s insurer, State Farm Fire and Casualty Insurance Company (State Farm), had a doctor review Deshommes’s treatment and billing records. Based on his review of the records, the doctor submitted a report opining that the MRI was unreasonable, unrelated to the accident at issue, and medically unnecessary. State Farm refused to pay Central Magnetic’s bill.
Central Magnetic filed suit in county court for breach of Deshommes’s insurance contract. State Farm argued that the MRI was not reasonable, related, or necessary to any injury arising from the accident. Central Magnetic moved for summary judgment arguing that State Farm could not contest the MRI bill because it had failed to comply with section 627.736(7)(a), which requires an insurer to obtain a report from a qualified physician before withdrawing payment of a treating physician without the injured person’s consent. Central Magnetic argued that the report obtained by State Farm was invalid because the report was based solely on review of treatment records and not based on an independent medical examination (IME) of the insured.
The county court granted summary judgment in Central Magnetic’s favor. On appeal, the circuit court reversed, concluding that the statute does not require an IME before payment can be denied and that State Farm had obtained a valid report before denying payment. Central Magnetic seeks second-tier certiorari review of this decision.
The circuit court applied the correct law and afforded procedural due process, so we deny the petition. See Allstate Ins. Co. v. Kaklamanos, 843 So.2d 885, 889 (Fla.2003) (explaining the standard of review in second-tier certiorari proceedings from appellate decisions of the circuit court).
The issue that warrants discussion in this case is whether section 627.736(7)(a), Florida Statutes, requires an insurer to obtain an IME before denying a PIP claim or whether a “valid report” under the statute may be based on an expert’s review of the claimant’s treatment records, a so-called “peer review report.” Circuit and county court judges have interpreted the “valid report” requirement of the PIP statute differently. We conclude, in line with the Third District Court of Appeal, that the “valid report” required by the statute does not require an insurer to order an IME before denying a claim for PIP benefits. See United Auto. Ins. Co. v. Metro Injury & Rehab Ctr., 16 So.3d 897 (Fla. 3d DCA 2009); United Auto. Ins. Co. v. Bermudez, 980 So.2d 1213 (Fla. 3d DCA 2008), receded from on other grounds by United Auto. Ins. Co. v. Santa Fe Med. Ctr., 21 So.3d 60 (Fla. 3d DCA 2009) (en banc).
The disagreement among the lower courts arises from the 2001 amendment to section 627.736(7)(a). See Ch. 2001-271, § 6, Laws of Fla. This amendment added the following underlined language to this subsection:
An insurer may not withdraw payment of a treating physician without the consent of the injured person covered by the personal injury protection, unless the insurer first obtains a valid report by a Florida physician licensed under the same chapter as the treating physician whose treatment authorization is sought to be withdrawn, stating that treatment was not reasonable, related, or necessary. A valid report is one that is prepared and signed by the physician examining the injured person or reviewing the treatment records of the injured person and is factually supported by the examination and treatment records if reviewed and that has not been modified by anyone other than the physician.
*784 § 627.736(7)(a), Fla. Stat. (2008) (emphasis added). The plain language of the statute permits a report to be based on review of treatment records. “A valid report is one that is prepared and signed by the physician examining the injured person or reviewing the treatment records of the injured person ....” § 627.736(7)(a), Fla. Stat. (2008) (emphasis added).
Our case law before the 2001 amendment clearly permitted “peer review reports” and squarely held that an insurer was not required to obtain an IME before denying a PIP claim. Nationwide Mut. Fire Ins. Co. v. Se. Diagnostics, Inc., 766 So.2d 229 (Fla. 4th DCA 2000) (holding that a report under section 627.736(7)(a) can be based on review of medical records and need not be based on a physical examination). This court explained:
We can find no language in the [statute] that requires the medical report to be based upon a physical examination of the insured. Without express language from the legislature, there is no reason to conclude that a physical examination is required. We can envision many instances in which a competent physician upon reviewing medical records could conclude without the benefit of a physical examination that a treatment or test was not “reasonable, related, or necessary.” If we follow Southeast’s reasoning to its logical conclusion, every time a treating physician to whom a PIP carrier has paid benefits either conducted a diagnostic test or referred an insured for diagnostic testing, no matter how unconventional or medically unsound, a physical examination would be required before the payment could be refused.
Id. at 230-31 (emphasis added). We adhere to this sound reasoning and do not believe that the 2001 amendment requires otherwise.
The circuit court applied the correct law when it held that an IME is not required before a PIP claim may be denied.[1] None of the other arguments raised in the petition merit any relief or discussion.
The petition for writ of certiorari is denied.
STEVENSON, GERBER and LEVINE, JJ., concur.

. Although the issue was not raised in this case, we note that other districts have held that the valid report requirement of section 627.736(7)(a) does not apply at all in a case such as this. State Farm Mut. Auto. Ins. Co. v. Rhodes & Anderson, D.C., P.A., 18 So.3d 1059 (Fla. 2d DCA 2008) (holding that section 627.736(7)(a) applies only to a withdrawal of "treatment authorization” not a mere denial of payment of a single PIP charge); accord Partners in Health Chiropractic v. United Auto. Ins. Co., 21 So.3d 858 (Fla. 3d DCA 2009); United Auto. Ins. Co. v. Eduardo, 22 So.3d 120 (Fla. 3d DCA 2009); Santa Fe Medical, 21 So.3d at 67. The insurer conceded that the valid report requirement applied to the claim in this case.