We grant, in part, the petition for certio-rari on the authority of our decisions in United Automobile Insurance Co. v. Santa Fe Medical Center, 21 So.3d 60 (Fla. 3d DCA 2009) (en banc), and United Automobile Insurance Co. v. Garrido, 21 So.3d 112 (Fla. 3d DCA 2009), and quash the portion of the circuit court’s appellate decision that *2 concluded that Dr. Goldberg’s peer review, which claimed that none of the insured’s medical treatment was reasonable, related, or necessary, did not constitute a “valid medical report” under section 627.736(7)(a), Florida Statutes (2005), because the peer review was not obtained before the PIP benefits were denied. See Santa Fe, 21 So.3d at 65 (holding that an insurer’s obligation, under section 627.736(7)(a), to first obtain a “valid medical report” applies to the withdrawal, not the denial, of PIP benefits); see also Gar-rido, 21 So.3d at 114 (“[A]n insurer’s obligation, pursuant to section 627.736(7)(a), to first obtain a medical report, applied only to withdrawal — as opposed to denial — of payment to a treating physician.”). Accordingly, for the reason expressed, we grant, in part, the petition, and quash, in part, the circuit court’s appellate decision.
Granted, in part; quashed, in part.