PER CURIAM.
 

 Through this second tier petition for writ of certiorari, United Automobile Insurance Company seeks review of a circuit court’s decision affirming the county court’s summary judgment in favor of Hollywood Injury & Rehab Center. The circuit court agreed with the county court that the peer review report United Auto furnished to defend the summary judgment motion was not valid because it did not state that the doctor either physically examined the insured or that his opinion was based on an independent medical examination as required by section 627.736(7)(a), Florida Statutes. We grant the writ and quash the circuit court order.
 

 Our review is limited to whether United Auto was afforded due process and whether the circuit court in its appellate capacity departed from the essential requirements of law.
 
 See Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 889 (Fla.2003). The failure to apply the correct law is a departure from the essential requirements of law.
 
 See Haines City Cmty. Dev. v. Heggs,
 
 658 So.2d 523, 530 (Fla.1995).
 

 We find a departure based on the law as explained by this court in the recent decision of
 
 Cent. Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Fire & Cas. Ins. Co.,
 
 22 So.3d 782 (Fla. 4th DCA 2009). As this court noted, a “valid report” as anticipated by section 627.736(7)(a), Florida Statutes, does not require an insurer to order an IME before denying a claim for PIP benefits. In
 
 Cent. Magnetic Imaging,
 
 we noted that our case law before the 2001 amendment at issue clearly permitted “‘peer review reports’ and squarely held that an insurer was not required to obtain an IME before denying a PIP claim.”
 
 Id.
 
 at 784 (citing
 
 Nationwide Mut. Fire Ins. Co. v. Se. Diagnostics, Inc.,
 
 766 So.2d 229 (Fla. 4th DCA 2000)).
 
 [1]
 

 By erroneously affirming the county court’s summary judgment in favor of Hollywood Injury Rehab Center, the circuit court departed from the essential requirements of law. We grant the petition for
 
 *745
 
 writ of certiorari, quash the circuit court’s order, and remand for proceedings consistent with this opinion.
 

 TAYLOR, HAZOURI and CIKLIN, JJ„ concur.
 

 [1]
 

 . As in
 
 Central Magnetic,
 
 we note that other districts have held that the valid report requirement of section 627.736(7)(a) does not apply at all in a case such as this.
 
 See State Farm Mut. Auto. Ins. Co. v. Rhodes & Anderson, D.C., P.A.,
 
 18 So.3d 1059 (Fla. 2d DCA 2008) (holding that section 627.736(7)(a), applies only to a withdrawal of "treatment authorization” not a mere denial of payment of a single PIP charge);
 
 accord Partners in Health Chiropractic v. United Auto. Ins. Co.,
 
 21 So.3d 858 (Fla. 3d DCA 2009);
 
 United Auto. Ins. Co. v. Eduardo J. Garrido, D.C., P.A.,
 
 22 So.3d 120 (Fla. 3d DCA 2009);
 
 United Auto. Ins. Co. v. Santa Fe Med. Ctr.,
 
 21 So.3d 60 (Fla. 3d DCA 2009). That issue was not raised in this case until the filing of the reply brief. Matters argued for the first time therein will not be considered by the reviewing court.
 
 See McAllister v. Breakers Seville Ass’n,
 
 981 So.2d 566, 575 (Fla. 4th DCA 2008).