ROWE, J.
Petitioner raises two challenges to the trial court’s order limiting his attorney’s fees award to double the statutory flat fee for representing an indigent defendant. First, Petitioner argues that the trial court’s initial order departed from the essential requirements of the law by failing to include findings as to the reasonableness of the number of hours Petitioner expended in determining whether the fee award was confiscatory. Second, Petitioner argues for the first time in his reply that the trial court’s amended order departed from the essential requirements of the law because the court failed to give a reasonable explanation for the amount of fees awarded. Because the trial court in an amended order provided the parties with factual findings to support its fee award and because Petitioner abandoned any challenge to those factual findings by failing to raise any arguments attacking the amended order until his reply, we deny the petition for writ of certiorari.
Petitioner was appointed to represent a defendant who was charged with false imprisonment and armed home invasion robbery with a mask. Over a year after Petitioner was appointed and just prior to jury selection, the prosecutor offered to amend the information and nolle prosse the original charges if the defendant would agree to plead no contest to a charge of accessory after the fact. The defendant accepted the offer. Subsequently, Petitioner filed a motion for attorney’s fees pursuant to section 27.5304, Florida Statutes, seeking payment of $24,802.50 for the 330.7 hours he expended representing the defendant. The Justice Administrative Commission (“the JAC”) contested only $97.50 of the total as non-billable administrative work.
At the hearing on the motion, the trial court expressed concern that granting Petitioner’s fee request would consume the Eighth Judicial Circuit’s entire budget for paying private court-appointed counsel and asked if counsel wanted to defer seeking fees until the beginning of the next fiscal year. Petitioner declined, electing to proceed with the hearing. Seven months later, on April 8,- 2014, the trial court entered an order awarding Petitioner $4,000.00 in attorney’s fees without making any factual findings. One day later, the JAC filed a “Request for Written Findings in Relation to Order Approving Payment of Attorney’s Fees.” In the request, the JAC reminded the trial court of *928 its obligation to make findings as to the reasonable number of hours expended by Petitioner during the course of his representation before determining the appropriateness of the fee.[1]
Twelve days later, on April 21, 2014, Petitioner sought review in this Court of the attorney’s fees award, arguing that the trial court departed from the essential requirements of the law when it failed to determine whether the hours expended by counsel were reasonable before it concluded whether the fee was confiscatory. Petitioner asked this Court to quash the trial court’s order and “remand the case for further proceedings to determine the reasonable number of hours worked on this case and the appropriate reasonable fee.” The very next day, on April 22, 2014, the trial court granted the JAC’s motion for written findings and entered an amended order containing detailed findings regarding the reasonableness of the number of hours expended by Petitioner on the case. Notwithstanding the fact that Petitioner was on notice a day after his petition was filed that the trial court had entered an amended order, Petitioner never sought leave to amend his petition for writ of certiorari to address the factual findings contained in the amended order. Instead, Petitioner waited to challenge the trial court’s amended findings for the first time in his reply to the JAC’s response. This was improper.
An argument may not be raised for the first time in a reply. Jones v. State, 966 So.2d 319, 330 (Fla.2007); Tillery v. Fla. Dep’t of Juvenile Justice, 104 So.3d 1253, 1255-56 (Fla. 1st DCA 2013); United Auto. Ins. Co. v. Hollywood Injury Rehab. Ctr., 27 So.3d 743, 744 n. 1 (Fla. 4th DCA 2010) (noting that issues raised for the first time in the reply during certiorari proceedings will not be considered); Fla. R. App. P. 9.210(d) (“The reply brief shall contain argument in response and rebuttal to argument presented in the answer brief.”) In fact, a party abandons any issue that was not raised in the initial petition. Hall v. State, 823 So.2d 757, 763 (Fla.2002); J.A.B. Enter, v. Gibbons, 596 So.2d 1247, 1250 (Fla. 4th DCA 1992) (“[A]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief.”). “Without strict adherence to this rule, the appellees are left unable to respond in writing to new issues presented by the appellants, and the filing deadline imposed on the appellants for their initial brief is rendered meaningless.” Snyder v. Volkswagen of America, Inc., 574 So.2d 1161, 1161-62 (Fla. 4th DCA 1991).
As noted by the dissent, this Court liberally allows parties to amend their pleadings, but the burden should be on the parties to make such a request. See Ostrum v. Dep’t of Health & Rehab. Servs. of State of Fla., 663 So.2d 1359, 1361 (Fla. 4th DCA 1995) (discussing the traditional role of appellate judges as neutral decision-makers rather than as advocates for a party). However, instead of requesting leave to amend, Petitioner chose to wait until he filed his reply to challenge the trial court’s amended order. Although the JAC addressed the amended final order in its response to the petition, this does not mean that the JAC waived its *929 right to respond to Petitioner’s arguments nor its right to defend the amended order. Granting the petition for writ of certiorari in this case would be a violation of due process because it would deprive the JAC of the opportunity to respond to the new argument raised by Petitioner in the reply. See Dep’t of Highway Safety & Motor Vehicles v. Dellacava, 100 So.3d 234, 236 (Fla. 5th DCA 2012) (holding that the Department was denied due process when the circuit court granted certiorari relief on an issue that was raised for the first time in the petitioner’s reply). For these reasons, we decline to reach the merits of Petitioner’s procedurally-barred arguments. See McAllister v. Breakers Seville Ass’n, Inc., 981 So.2d 566, 575 (Fla. 4th DCA 2008) (declining to reach the merits of an argument that was not raised until the reply brief). Finally, because the amended order cured the deficiencies complained of in the petition for writ of certiorari, we hold that Petitioner failed to meet his burden to demonstrate a departure from the essential requirements of the law.
PETITION DENIED.
THOMAS, J., concurs; MAKAR, J., dissenting with opinion.

. Appellate courts uniformly require circuit courts to make factual findings regarding the reasonable number of hours expended by counsel when counsel seeks a fee award in excess of the statutory rate pursuant to section 27.5304, Florida Statutes. See Watts v. Justice Admin. Comm’n, 115 So.3d 431 (Fla. 2d DCA 2013); Still v. Justice Admin. Comm’n, 82 So.3d 1168 (Fla. 4th DCA 2012); Zelman v. Justice Admin. Comm’n, 78 So.3d 105 (Fla. 1st DCA 2012).