WOLF, J.
Appellants, who are Inspector General Investigators for the Florida Department of Corrections (the Department), challenge the trial court’s final order dismissing their complaint with prejudice for lack of standing. We ■■ affirm because appellants failed to raise their arguments -in their initial brief, as discussed further below.

Facts

Appellants’ .complaint alleged they were improperly required by the Department to sign two separate confidentiality agreements or face discipline that eould include the termination of their employment. Appellants believed the confidentiality agreements were contrary -to both state and federal law. They requested two types of relief from the trial court: (1) a declaratory judgment stating the confidentiality agreements violated Florida and federal law and that appellants would not be subject to discipline or termination for refusing to execute or abide by them; and (2) an injunction enjoining the Department from requiring them to sign the agreements.
Appellant also filed an emergency motion for injunctive relief requesting the trial court to enjoin the Department from requiring the execution and enforcement of the confidentiality agreements.
The Department then filed a motion to dismiss appellants’ complaint for failure to state a cause of action, alleging in part that appellants had failed to allege a justiciable controversy and, thus, lacked standing.
The trial court denied appellants’ emergency motion for injunctive relief and dismissed appellants’ complaint with prejudice, finding that appellants had failed to establish the existence of a justiciable controversy sufficient to establish standing to obtain declaratory -relief under chapter 86, Florida Statutes.-
Appellants appeal the dismissal of their complaint with prejudice. In their initial brief, appellants raise three issues concerning why the confidentiality agreements violate Florida and federal law. *1254 The initial brief never addresses the trial court’s rulings regarding the lack of a justiciable controversy or standing.

Analysis

It is well-settled that that “[a]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief.’ ” Hoskins v. State, 75 So.3d 250, 257 (Fla.2011) (quoting Hall v. State, 823 So.2d 757, 763 (Fla.2002)); see also Parker-Cyrus v. Justice Admin. Comm’n, 160 So.3d 926, 928 (Fla. 1st DCA 2015) (noting an argument may not be raised for the first time in a reply brief: “[i]n fact, a party abandons any issue that was not raised in the initial petition.”); J.A.B. Enter. v. Gibbons, 596 So.2d 1247, 1250 (Fla. 4th DCA 1992).
Thus, this court is unable to entertain appellants’ argument as to their standing or arguments related to the existence of a justiciable controversy which they failed to raise in their initial brief.
For this reason, we AFFIRM.
WETHERELL and MARSTILLER, JJ., concur.