IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL JOSEPH NILIO,

      Appellant,

v.

STATE OF FLORIDA,

      Appellee.

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NOS. 1D15-3453, 1D15-3604, 1D15-3605, 1D15-3606, 1D15-3608, 1D15-3609, 1D15-3610, & 1D15-3611 (CONSOLIDATED)

_____/

Opinion filed February 3, 2017.

An appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

Rick A. Sichta, Susanne K. Sichta, and Joseph Hamrick of The Sichta Firm, LLC, Jacksonville, for Appellant.

Pamela Jo Bondi, Attorney General, and Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.

PER CURIAM.

Michael Joseph Nilio challenges his amended judgments and sentences and the summary denial of his motion for postconviction relief. Nilio asserts that the trial court failed to resolve his postconviction claim that he attempted to submit restitution and other costs associated with his probation, but the court refused to

accept payment. However, because Nilio did not raise the issue in his initial brief, and only cursorily discussed it in his reply brief, he waived the issue. See Land v. Fla. Dep't. of Corr., 181 So. 3d 1252, 1254 (Fla. 1st DCA 2015) (noting that an argument not raised in the initial brief is waived). Thus, we affirm that claim without further discussion.

Nilio also argues that the trial court violated due process and the prohibition against double jeopardy when it amended his judgments and sentences in 2015 to modify the terms of his probation. The 2012 and 2013 versions of his amended judgments and sentences provided that probation "will" terminate early upon full payment of restitution and other monetary obligations. However, the 2015 amendment provided that probation "may" terminate early upon fulfillment of those requirements. Based on the language included in the 2012 and 2013 versions of his judgments and sentences, and because the trial court stated during the initial plea hearing that Nilio's probation "may terminate early without further contact with [the] court," Nilio argues that termination of his probationary term was automatic, and the trial court erred in amending the judgments and sentences in 2015. We disagree. The trial court's 2015 ruling merely reaffirmed its pre-2012 rulings that the probationary term would be terminated at the trial court's discretion, not automatically upon payment of the probationary obligations.

Beginning with the initial plea hearing in 2010, until the trial court amended the 2015 judgments and sentences, the court, the State, and Nilio's counsel repeatedly expressed an understanding that termination of Nilio's probation would be at the court's discretion, not automatic. Reviewing the record as a whole, including the plea documents, hearing transcripts, filings by Nilio and the State, correspondence among Nilio, his counsel, and the State, and the trial court's orders, we find no indication whatsoever that the trial court or the parties ever intended the probationary term to automatically terminate upon payment of restitution. See Jackson v. State, 615 So. 2d 850, 850-51 (Fla. 2d DCA 1993) (finding that court's ambiguous oral pronouncement could be resolved where its intent was discernible from the record as a whole).

Although the 2012 and 2013 versions of the judgments and sentences did include language that Nilio's probation "will" terminate early upon satisfaction of his monetary obligations, the use of that language appears to be a scrivener's error, properly corrected by the trial court in its 2015 amended judgments and sentences. As the court noted in its order directing the 2015 amendments, the record contains only two hearings addressing the terms of Nilio's probation: the original 2010 plea hearing and a July 2011 hearing. During both, the parties recognized that termination of Nilio's probation was discretionary.

3

Accordingly, we conclude that the 2015 amendment to Nilio's judgments and sentences was intended to correct a scrivener's error contained in the 2012 and 2013 versions of the amended judgments and sentences. We thus reject Nilio's claim that the 2015 judgments and sentences were entered in violation of his double jeopardy rights. Further, because the trial court merely corrected a ministerial error, the court did not violate due process when it issued the amended judgments and sentences outside Nilio's presence. See Frost v. State, 769 So. 2d 443, 444 (Fla. 1st DCA 2000).

For these reasons, we AFFIRM the summary denial of postconviction relief and the amended judgments and sentences.

LEWIS, ROWE, and KELSEY, JJ., CONCUR.