IN THE DISTRICT COURT OF APPEAL
FIRST DISTRICT, STATE OF FLORIDA

MICHAEL AND SARA
WILLENS,

      Appellants,

v.

JOEL WILLENS AND LINDA
WILLENS,

      Appellees.

_____/

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

CASE NO. 1D16-4704

Opinion filed September 20, 2017.

An appeal from the Circuit Court for Duval County.
John Bradford Stetson, Jr., Judge.

Kansas R. Gooden of Boyd & Jenerette, PA, Jacksonville, for Appellants.

Harold S. Lippes of Lippes & Bryan, P.A., Ponte Vedra Beach, for Appellees.

PER CURIAM.

      We find no merit in the substantive issues raised by Appellants and affirm the

final judgment without further discussion. However, because the trial court

inadvertently entered duplicate judgments,[*] we remand for the court to strike the later-entered judgment.  See Diecidue v. Lewis, 42 Fla. L. Weekly D376 (Fla. 2d DCA Feb. 10, 2017); Sound Builders of St. Petersburg, Inc. v. Hanlon, 439 So. 2d 276 (Fla. 2d DCA 1983).

AFFIRMED and REMANDED with directions.

LEWIS and WETHERELL, JJ., CONCUR; WINSOR, J., CONCURRING WITH OPINION.

---

[*] The original judgment was filed with the clerk on September 8, 2016, at 11:03 a.m. and it was recorded in the official records (book 17701, pages 2137–47) on the same date.  The duplicate judgment was filed with the clerk on September 8 at 2:23 p.m., but it was not recorded in the official records (book 17705, pages 535–45) until September 12.

WINSOR, J., concurring.

Michael Willens and his wife Sara own a home on Canopy Oaks Drive in Jacksonville, and they invited Michael's parents to live there rent free. The parents moved in, the relationship deteriorated, and everyone ended up in litigation. After a two-day bench trial, the trial court entered a final judgment declaring that the parents "are entitled to live in the home for as long as they like." This is the Willenses' appeal.*

The facts that led to the final judgment, many of which were disputed, are complicated and peculiar. The short version is that the Willenses recognized the parents' financial needs and sent a letter saying "[y]ou may move into our home on Canopy Oaks Drive and live as long as you like *rent free*." (emphasis in original). The letter expressed hope that the move would improve the parties' relationship and noted that "the whole purpose is to make life easier so that [the parents] can enjoy and build a life here with [the Willenses]."

There were other emails and letters, and the parties considered other arrangements, but the parents ultimately moved from Maine and into the Canopy Oaks Drive home. Once there, they undertook some $160,000 worth of improvements, to which the Willenses objected at some point. This and other factors

---

* The parents' last name is also Willens, so to avoid confusion, this opinion will refer to Michael and Sara Willens as the "Willenses" and the parents as the "parents."

3

contributed to the relationship's continued deterioration, until finally the Willenses asked the parents to move out. The parents refused and changed the locks, and the Willneses sued to evict. The parents counterclaimed, claiming breach-of-contract and promissory estoppel, among other things.

After trial, the court entered its final judgment. The court found the parents' testimony credible, found portions of the Willenses' testimony "entirely unreasonable, inconsistent with the documents, and not credible," and found the parents had "proved their case . . . by substantially more than a preponderance of the evidence." It concluded the parties had a written agreement with "clear and unequivocal" terms and that the parents were entitled to specific performance. It therefore directed the parties "to perform the agreement," meaning the Willenses were to let the parents live in the house indefinitely.

Separate from its ruling on the existence of an agreement, the court concluded the parents had also proven their claim for promissory estoppel, finding the parents had "significantly relied on [the Willenses'] promises to their detriment." The court awarded no separate relief on this point, explaining that the parents "are entitled to the same relief awarded under their claim for specific performance."

On appeal, the Willenses challenge the court's conclusions as to the agreement. They argue that there was no agreement and that if there were, the parents violated it. But they presented no argument challenging the trial court's promissory

4

estoppel claims, at least not in their initial brief. When a decision is based on more than one independent ground and the initial brief challenges only one, we must affirm. *See State v. J.V.*, 184 So. 3d 662, 662 (Fla. 1st DCA 2016) ("As the order on appeal had two grounds . . . , and as the State's initial brief only challenges the first ground . . . , we are compelled to affirm since reversal can only be premised on arguments made in the initial brief."); *see also Land v. Fla. Dep't of Corr.*, 181 So. 3d 1252, 1253 (Fla. 1st DCA 2015) ("We affirm because appellants failed to raise their arguments in their initial brief . . . ."). Even if the trial court was incorrect in finding an agreement, the court's independent conclusion on promissory estoppel afforded the same relief, and that conclusion stands unchallenged. We therefore must affirm the judgment.