610 So.2d 107 (1992)
The STATE of Florida, Petitioner,
v.
Gary RICHARD, Respondent.
No. 92-1177.
District Court of Appeal of Florida, Third District.
December 22, 1992.
Robert A. Butterworth, Atty. Gen., and Francine Thomas, Asst. Atty. Gen., for petitioner.
Douglas L. Williams, Miami, for respondent.
Before SCHWARTZ, C.J., and BARKDULL and LEVY, JJ.
PER CURIAM.
The respondent was arrested for a misdemeanor offense in April of 1989. Approximately two years later, the respondent filed a motion for discharge, under Rule 3.191 of the Florida Rules of Criminal Procedure, claiming that his rights under the speedy trial rule had been violated and that the court lacked jurisdiction to try him.[1]
On April 26, 1991, a hearing was held and the respondent's motion for discharge was granted. Thereafter, the State appealed the discharge to the Appellate Division of the Circuit Court of the Eleventh Judicial Circuit of Florida, claiming that the State had been deprived of the benefit of the fifteen day "window" provided for in Rule 3.191(i)(3). The Appellate Division of the Circuit Court rendered a per curiam affirmance and the State now petitions this Court for a Writ of Certiorari.
We hold that the trial court erred in discharging the defendant without allowing the State to have the benefit of the fifteen day "window", referred to above, to bring the defendant to trial after the filing of the motion for discharge. The trial court should have applied the version of Rule 3.191 that was in effect at the time that the defendant filed his motion for discharge, not the version in effect at the time of his *108 arrest.[2]See Bloom v. McKnight, 502 So.2d 422 (Fla. 1987); Zabrani v. Cowart, 502 So.2d 1257 (Fla. 3d DCA 1986), approved, 506 So.2d 1035 (Fla. 1987).
Accordingly, we grant certiorari and quash the opinion of the Appellate Division of the Circuit Court, with directions to the Circuit Court to reverse the dismissal and discharge entered by the County Court Judge and, further, to remand this cause to the County Court for further proceedings consistent herewith.
NOTES
[1] Despite the foregoing, the respondent did not seek a Writ of Prohibition from the Circuit Court.
[2] Rule 3.191(i) formerly granted the fifteen day "window" only to felonies. It was amended, effective July 1, 1989, and now applies the "window" to both felonies and misdemeanors.