738 So.2d 420 (1999)
Sandra BAUMSTEIN, individually and as Personal Representative of the Estate of Karen Baumstein, Appellant,
v.
SUNRISE COMMUNITY, INC., a Florida corporation, and Dr. Lucrezia Aquino, Appellees.
No. 98-1186.
District Court of Appeal of Florida, Third District.
July 7, 1999.
Colodny, Fass & Talenfeld and Stuart B. Yanofsky and Howard M. Talenfeld, Fort Lauderdale, for appellant.
Cole, White & Billbrough and Geoffrey B. Marks and G. Bart Billbrough, Miami, for Sunrise Community.
Bruce I. Yegelwel, Miami; Hicks & Anderson and Jean Kneale, Miami, and Ila J. Klion, for Dr. Aquino.
Ellen Saideman, Fort Lauderdale; Leonard Helfand, Tallahassee, as amicus curiae *421 for Advocacy Center for Persons with Disabilities, Inc.
Before SCHWARTZ, C.J., and NESBITT and JORGENSON, JJ.
SCHWARTZ, Chief Judge.
Sandra Baumstein, the personal representative of her late sister Karen, a developementally disabled adult who had been a resident of a private facility owned by the appellee Sunrise Community Incorporated, brought an action against Sunrise and Karen's physician, Dr. Lucrezia Aquino, claiming damages for the defendants' alleged violation of rights guaranteed to such patients by section 393.13, Florida Statutes (1993), the "Bill of Rights of Persons Who are Developmentally Disabled." The trial judge dismissed the complaint on the sole ground that no private cause of action may be asserted under the act. We reverse.
There is no question that the primary, perhaps the only, issue pertinent to the question of whether a private cause of action may be based upon the breach of a statute is whether the legislature intended that to be the case. Murthy v. N. Sinha Corp., 644 So.2d 983 (Fla.1994); see Stone v. Wall, 734 So.2d 1038, 1041 (Fla. 1999)[24 FLW S283, S285]. In this instance, it has clearly answered that question in the affirmative. Section 393.13(5) provides:
(5) LIABILITY FOR VIOLATIONS. Any person who violates or abuses any rights or privileges of persons who are developmentally disabled provided by this act shall be liable for damages as determined by law. Any person who acts in good faith compliance with the provisions of this act shall be immune from civil or criminal liability for actions in connection with evaluation, admission, habilitative programming, education, treatment, or discharge of a client. However, this section shall not relieve any person from liability if such person is guilty of negligence, misfeasance, nonfeasance, or malfeasance. [emphasis supplied]
§ 393.13(5), Fla. Stat. (1993).
Despite the appellees' imaginative attempts to make it mean something other than what it says, the statute could hardly be clearer. While courts have often recognized causes of action even in the absence of specific statutory language, Stone v. Wall, 734 So.2d 1038, 24 FLW at S283, and cases cited, we need not go nearly that far here. Because we are bound by the legislature's clear and unambiguous expression of its own intent, see State v. Dugan, 685 So.2d 1210 (Fla. 1996), we hold that civil liability for damages indeed arises from violations of Chapter 393.[1] See also Greenfield v. Manor Care, Inc., 705 So.2d 926 (Fla. 4th DCA 1997), review denied, 717 So.2d 534 (Fla. 1998); Beverly Enters. Fla., Inc. v. Spilman, 661 So.2d 867 (Fla. 5th DCA 1995), review denied, 668 So.2d 602 (Fla. 1996).
For this reason, the judgment of dismissal below is reversed and the cause *422 remanded for further appropriate proceedings.[2]
NOTES
[1] We reject the defendants' claim that Loucks v. Adair, 312 So.2d 531 (Fla. 1st DCA 1975), cert. denied, 327 So.2d 33 (Fla.1976), supports their position. Loucks held only that, because of sovereign immunity, a state agency could not be liable for a violation of the Mental Health Act even though it contained a section similar to 393.13(5). (Furthermore, even on that issue, Loucks is called into question by Rupp v. Bryant, 417 So.2d 658 (Fla. 1982).)

The appellees' reliance on similar statutes from other jurisdictions which provide no private cause of action is also misplaced, see, e.g., Ala.Code § 38-9C-8 (1992); Iowa Code § 225C.29 (1994); Kan. Stat. § 39-1802 (1998); see also Pennhurst State School & Hosp. v. Halderman, 451 U.S. 1, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981), because none contain anything like 393.13(5). (Most of the contrary cases cited by the plaintiff are likewise unhelpful because they involve elaborate provisions creating a cause of action which have no equivalent in sections 393.01, et. seq.)
[2] The appellees seek affirmance on statute of limitations grounds even though that was not the basis of the order below. In the circumstances, we decline even to reach the question both because the facts controlling the limitations issue do not clearly appear on the face of the complaint and should be therefore considered only in support of an affirmative defense, see Jelenc v. Draper, 678 So.2d 917 (Fla. 5th DCA 1996); General Motors Acceptance Corp. v. Thornberry, 629 So.2d 292 (Fla. 3d DCA 1993), and because of the rule that disputed questions should ordinarily first be considered and determined by the trial court. See City of Coral Gables v. Puiggros, 376 So.2d 281 (Fla. 3d DCA 1979). We intimate no opinion as to the merits of this or any other issue in the case.