SHEPHERD, J.
 

 In this second-tier certiorari case, United Automobile Insurance Company seeks the exercise of our jurisdiction to quash a per curiam affirmance of a county court final judgment, finding that an insured has a private right of action under the personal injury protection provisions of the Florida Motor Vehicle No Fault Law, §§ 627.730-.7405, Fla. Stat. (2004), against an insurer who fails to provide its insured “an itemized specification of each item that the insurer ha[s] reduced, omitted, or declined to pay” — denominated by the parties in this case as an “Explanation of Benefits” (EOB) — “within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same,” under section 627.736(4)(b), Florida Statutes (2004).
 

 Concluding this case falls within that limited category of cases in which we are authorized to exercise our discretion to review a circuit court appellate division per curiam affirmance of the county court final order or judgment,
 
 see Auerbach v. City of Miami,
 
 929 So.2d 693, 694 (Fla. 3d DCA 2006) (exercising jurisdiction to review a circuit court appellate division per curiam affirmance of city commission action where “[flailing to do so ... would [result in] an unjustified approval of the obvious failure of the circuit court to apply the correct law”);
 
 Kneale v. Jay Ben, Inc.,
 
 So.2d 917, 918 (Fla. 3d DCA 1988) (exercising jurisdiction to quash county circuit court appellate division per curiam affirmance of county court final judgment where county court obviously failed to use proper measure of damages);
 
 State v. Bock,
 
 659 So.2d 1196 (Fla. 3d DCA 1995) (exercising jurisdiction to quash a circuit court appellate division per curiam affirmance of a county
 
 *126
 
 court dismissal of a DUI charge on ground that police officer acted in bad faith where only possible view of the evidence demonstrated otherwise and trial court’s oral pronouncement so stated);
 
 State v. Richard,
 
 610 So.2d 107, 107-08 (Fla. 3d DCA 1992) (exercising jurisdiction to quash a circuit court appellate division per curiam affirmance of county court order discharging defendant without affording the state the benefit of required “window period” to bring defendant to trial), we grant the petition.
 

 FACTS
 

 On February 6, 2004, United Auto insured, Turner Plante, was injured in an automobile accident. From February 9, 2004, through February 16, 2004, Plante received medical care for his injuries from the respondent, A 1st Choice Healthcare Systems, Inc. On March 8, 2004, A 1st Choice, proceeding as assignee of Plante, requested payment for the services it rendered from United Auto under the personal injury protection benefits provision of the policy. Thirteen months later, on April 12, 2005, United Auto responded to A 1st Choice’s request for payment with a form EOB in which two boxes were checked, the first stating “Bill(s) Not Submitted to Our Company in Accordance with Florida Statute 627.736(5),” and the second stating, “Other:
 
 SEE PEER REVflEJW ATTACHED]”
 
 No attachment accompanied the submission.
 

 Two years later, on February 1, 2007, A 1st Choice filed a two-count complaint against United Auto. Count I sought damages for non-payment of benefits required to be paid under section 627.736(4)(b). Count II sought nominal damages for failure by United Auto to provide a timely EOB. When it was determined that the amount sought in Count I fell within the insured’s deductible, A 1st Choice voluntarily dismissed that Count. Proceeding on Count II, the trial court granted summary judgment to A 1st Choice and, in its Order Denying Defendant’s Motion for Rehearing, recited, “United Auto violated Florida Statute § 627.736(4)(b), and in turn, breached the contract at issue in this matter” by failing to respond to A 1st Choice’s request for payment within thirty days. The court then assessed one dollar in nominal damages against United Auto for the breach, and held that A 1st Choice was entitled to an award of attorney fees for prosecuting Count II of the complaint. A 1st Choice subsequently was awarded $19,530.13 in fees and costs. On March 23, 2009, the circuit court appellate division affirmed the decision of the trial court without an opinion.
 

 ANALYSIS
 

 The petition in this case seeks our consideration of two interrelated questions: (1) whether there exists a firm deadline for the provision of an EOB to an insured (or his or her assignee) under section 627.736(4)(b); and (2) if so, whether section 627.736(4)(b) affords the insured (or assignee) a private right of action against his or her insurer for an insurer’s failure to meet the deadline. In its final judgment, the county court answered both questions in the affirmative, and the circuit court appellate division per curiam decision without opinion necessarily affirmed each of those determinations.
 

 On the first question, A 1st Choice urges that section 627.736(4)(b) must be read to require a personal injury protection insurer to respond to any request for payment of benefits under a personal injury protection policy of insurance within thirty days after receiving “written notice ... of a covered loss” and “the amount due of same.”
 
 See
 
 § 627.736(4)(b). A 1st
 
 *127
 
 Choice misreads the statute. Under the plain language of the statute, a response is required from the insurer only “[w]hen an insurer [either] pays a portion of a claim or rejects a claim.”
 
 Id.
 
 (emphasis added). Then, “at the time of the partial payment or rejection,”
 
 id.,
 
 “the insurer shall provide ... an itemized specification of each item that the insurer had reduced, omitted or declined to pay.”
 
 Id.
 
 (emphasis added). In fact, carefully parsed, it is clear there is neither a requirement nor a deadline for a personal injury protection insurer to respond to a request for payment. As we stated recently in
 
 United Automobile Insurance Co. v. Santa Fe Medical Center,
 
 21 So.3d 60, 64 (Fla. 3d DCA 2009) (en banc), “subsection (4)(b) does not preclude an insurer from challenging the submitted claim after the thirty-day time period, or limit the ability of the insurer to obtain and submit proof [ ] after the thirty-day time period, that the treatment was not reasonable, necessary, or related.” (second emphasis added).
 
 See also Partners in Health Chiropractic, a/a/o Neocles Lebrun v. United Auto Ins. Co.,
 
 21 So.3d 858, 861 (Fla. 3d DCA 2009) (“In short, an insurer may
 
 deny
 
 a PIP claim in whole or in part either before or after that claim becomes ‘overdue [because not paid within thirty days]’ provided it has ‘reasonable proof that it is not responsible for payment.”);
 
 United Auto. Ins. Co. v. Millennium Diagnostic Imaging Ctr., Inc.,
 
 12 So.3d 242, 246 (Fla. 3d DCA 2009) (“The thirty-day time period set forth in section 627.736(4)(b) does not apply to claims for unrelated, unreasonable or unnecessary treatment.”). Notably, we have never located in the statute any absolute deadline on such a challenge.
 

 However, actions have consequences. Subsection (4)(b) states that a “covered loss” — i.e., a charge that is within the coverage of a personal injury protection insurance policy and, as well, medically reasonable, related, and necessary — is “overdue” if not paid within thirty days of submission to the insurer of “written notice of the fact of a covered loss and of the amount of same.” § 627.736(4)(b);
 
 Partners in Health,
 
 21 So.3d at 861. Such a loss, by definition, will not be later challengeable.
 
 See Santa Fe,
 
 21 So.3d 60. In such a circumstance, the insured is entitled by law to an award of interest on the overdue payment and potentially an award of attorney fees for non-payment if counsel is involved.
 
 See
 
 § 627.736(4)(c), Fla. Stat. (2004);
 
 United Auto. Ins. Co. v. Rodriguez,
 
 808 So.2d 82, 87 (Fla.2001) (“[T]he plain language of section 627.736 provides that an insurer is subject to specific penalties for an ‘overdue’ payment: ten percent interest and attorneys’ fees.”);
 
 Millennium Diagnostic Imaging Ctr., Inc.,
 
 12 So.3d at 245. Furthermore, an insurer who does not act “fairly and honestly toward its insured” in the settlement of properly submitted personal injury protection benefits claims may be subject to a statutory first-party bad faith action with all of its attendant consequences.
 
 See
 
 § 624.155(l)(b)l, Fla. Stat. (2004);
 
 Time Ins. Co. v. Burger,
 
 712 So.2d 389, 392 (Fla.1998) (demonstrating both compensatory and punitive damages awards are available in first-party bad faith claim). Accordingly, while there is no absolute deadline for the payment of a properly presented personal injury protection claim, there is a cost — and, indeed, ever increasing risk — to a miscreant insurer who does not treat its customers properly. This is the manner in which the legislature has chosen to regulate insurers in matters of this type.
 
 [1]
 
 The failure of the circuit court
 
 *128
 
 appellate division to provide relief to United Auto in this case based upon the trial court’s misinterpretation of the plain language of section 627.736(4)(b) constitutes a clear departure from the essential requirements of law for which the exercise of our jurisdiction is warranted.
 
 See Allstate Ins. Co. v. Kaklamanos,
 
 843 So.2d 885, 890 (Fla.2003) (“[I]n addition to case law dealing with the same issue of law, an interpretation or application of a statute, a procedural rule, or a constitutional provision may be the basis for granting certiorari review.”).
 

 Although this is a sufficient analysis upon which to quash the order of the county court, there is a dual, equally applicable analysis by which we also are authorized to grant relief in this case, namely that the statutory provision in question does not afford a private right of action. By awarding A 1st Choice one dollar in nominal damages, the county court and circuit court appellate division implicitly found that section 627.736(4)(b) affords a private right of action against an insurer for the insurer’s failure to meet the thirty-day deadline for submission of an EOB. This likewise constitutes a clear departure from the essential requirements of law.
 

 The section in question reads in relevant part:
 

 (b) Personal injury protection insurance benefits paid pursuant to this section shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same. If such written notice is not furnished to the insurer as to the entire claim, any partial amount supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. When an insurer pays only a portion of a claim or rejects a claim, the insurer shall provide at the time of the partial payment or rejection an itemized specification of each item that the insurer had reduced, omitted, or declined to pay and any information that the insurer desires the claimant to consider related to the medical necessity of the denied treatment or to explain the reasonableness of the reduced charge, provided that this shall not limit the introduction of evidence at trial; ... However, notwithstanding the fact that written notice has been furnished to the insurer, any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment.... This paragraph does not preclude or limit the ability of the insurer to assert that the claim was unrelated, was not medically necessary, or was unreasonable or that the amount of the charge was in excess of that permitted under, or in violation of, subsection (5).
 

 § 627.736(4)(b).
 

 It is axiomatic that whether a private right of action exists for a violation of a statute is a matter of legislative intent.
 
 See Baumstein v. Sunrise Cmty., Inc.,
 
 738 So.2d 420, 421 (Fla. 3d DCA 1999) (“There is no question that the primary, perhaps the only, issue pertinent to the question of whether a private cause of action may be based upon the breach of a statute is whether the legislature intended that to be the case.”) (emphasis added) (citing
 
 Murthy v. N. Sinha Corp.,
 
 644 So.2d 983 (Fla. 1994)). Absent a specific expression of such intent, a private right of action may not be implied.
 
 Villazon v. Prudential Health Care Plan, Inc.,
 
 843 So.2d 842, 852 (Fla.2003) (emphasis added).
 
 See general
 
 
 *129
 

 ly
 
 Fla. Jur.2d, Actions, § 87;
 
 City of Sarasota v. Windom,
 
 736 So.2d 741, 742 (Fla. 2d DCA 1999) (“[W]e must ascertain whether the legislature intended to create a private cause of action.... ”). There is nothing in the text of section 627.736(4)(b) from which one can deduce that the legislature intended an insured have a private right of action against an insurer for failure to provide an EOB. In fact, the statute only authorizes one cause of action: a cause of action for personal injury protection benefits.
 
 See
 
 § 627.736(11). The circuit court appellate division additionally departed from the essential requirements of law when it afforded a private right of action to A 1st Choice in this case.
 
 See Kaklamanos,
 
 843 So.2d at 889.
 

 Petition granted; order quashed; award of attorney fees and costs reversed.
 

 [1]
 

 . By way of comparison, the only sanction imposed by law on most other debtors who fail to pay a debt is pre-judgment interest.