[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 4, 2011
JOHN LEY
CLERK

_____

No. 10-12505

_____

D.C. Docket No. 1:08-cv-23444-CMA

DOUBLE AA INTERNATIONAL INVESTMENT GROUP, INC.,
DAYMI RODRIGUEZ,

                         Plaintiffs - Counter - Defendants - Appellees,

   versus

SWIRE PACIFIC HOLDINGS, INC.,
a Delaware corporation,

                         Defendant - Counter - Defendant - Appellant,

LAWYERS TITLE INSURANCE CORPORATION,

                         Defendant - Counter - Claimant - Appellee.

_____

No. 10-12573

_____

D. C. Docket No. 1:08-cv-23444-CMA

DOUBLE AA INTERNATIONAL INVESTMENT GROUP, INC.,
DAYMI RODRIGUEZ,

Plaintiffs - Counter - Defendants - Appellees,

versus

SWIRE PACIFIC HOLDINGS, INC.,
a Delaware corporation,

Defendant - Counter - Defendant,

LAWYERS TITLE INSURANCE CORPORATION,

Defendant - Counter - Claimant - Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(April 4, 2011)

Before BARKETT and HULL, Circuit Judges, and SCHLESINGER,[*] District Judge.

PER CURIAM:

Swire Pacific Holdings, Inc. ("Swire") and Lawyers Title Insurance Corporation ("Lawyers Title") appeal the district court's final judgment finding that the contract between Plaintiffs Double AA International Investment Group, Inc. and Daymi Rodriguez and Defendant Swire for the construction and purchase of a condominium was voidable because Swire and Lawyers Title failed to

---

[*] Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

establish two separate escrow accounts for certain monetary deposits made by Plaintiffs, as required by the Florida Condominium Act, Fla. Stat. § 718.202.

Swire and Lawyers Title argue that the district court erred in concluding that § 718.202 requires the establishment of two separate escrow accounts.[1] They argue that the requirements of § 718.202 are met by a "separate accounting" of the funds placed in escrow in excess of ten percent of the purchase price, even if all of the deposited funds are kept in a single account. However, even if a separate accounting of the escrowed deposits satisfies the requirements of § 718.202, the district court found that the accounting practices here failed to meet even this standard. On this record, we cannot say this finding was clearly erroneous. The record reflects that only a single escrow account was opened to hold all of the contract deposits made by purchasers of Asia condominium units. While Lawyers Title maintained a separate buyer's transaction log for each condominium unit, this log does not separate the buyer's protected ten percent deposit from the second ten percent deposit that could be withdrawn to pay for construction costs. We note that the buyer's transaction log in evidence contains two distinct columns that allow the escrow agent to distinguish deposits in the first ten percent from deposits in the second ten percent, but those columns simply were not utilized to

---

[1] We review the district court's conclusions of law *de novo*, and its findings of fact for clear error. United States v. Diaz, 630 F.3d 1314, 1330 (11th Cir. 2011).

3

keep track of the deposits at issue in this case. Instead, the log contains a single listing of all deposits and withdrawals on the account, without indicating which funds are protected under § 718.202(1). Thus, regardless of whether the statute requires one escrow account or two,[2] the district court did not err in finding the contract voidable under § 718.202(5) for failure to maintain a separate accounting, and therefore did not err in ordering the full return of Plaintiffs' deposits plus interest. Swire's argument that this issue was not before the district court lacks merit as the issue was raised before the district court, evidence about the separate accounting was presented, and we see no error in the district court's reaching this issue.

However, we find reversible error in the district court's final judgment against the escrow agent, Lawyers Title, for violating § 718.202. That statute does not authorize a private cause of action against an escrow agent. See United Auto. Ins. Co. v. A 1st Choice Healthcare Sys., 21 So. 3d 124, 128 (Fla. 3rd Dist. Ct. App. 2009) ("Absent a specific expression of [legislative] intent, a private right of action may not be implied."). The statute clearly sets forth the rights and obligations of only developers, not escrow agents, regarding the treatment of

---

[2] Since there was no separate accounting, we need not and do not reach the issues regarding the statutory construction of § 718.202, the effect of the Department of Business and Professional Regulation's informal legal opinion, or the new amendment to § 718.202.

deposits made by condominium buyers.  See, e.g., Fla. Stat. § 718.202(1) ("the developer shall pay into an escrow account"); § 718.202(6) ("[t]he developer shall maintain separate records"); § 718.202(7) ("[a]ny developer who willfully fails to comply with the provisions of this section . . . is guilty of a felony").  In addition, the statute provides for no remedy against the escrow agent, but provides only that failure to comply with the statutory requirements renders the purchase agreement between the buyer and developer voidable.[3]  See § 718.202(5).

For the foregoing reasons, we affirm the district court's final judgment in favor of Plaintiffs against Swire on Count II of Plaintiffs' Amended Complaint, but we vacate the district court's final judgment in favor of Plaintiffs against Lawyers Title on Count II of Plaintiffs' Amended Complaint, and remand the case for further proceedings consistent herewith.

**AFFIRMED in part; VACATED in part, and REMANDED.**

---

[3] We do not disturb the district court's final judgment on Lawyers Title's counterclaim for interpleader directing Lawyers Title to return all of the Plaintiffs' deposits currently held in escrow with accumulated interest to Plaintiffs.