RAMIREZ, J.,
concurring in result only.
I concur in the result only because, in my view, the majority opinion is mostly dicta. The issue as framed by these appeals is not whether a condominium developer and its escrow agent violated the requirements of section 718.202, Florida Statutes (2006). These appeals only raise the issue of whether the trial court properly dismissed count III of the Second Amended Complaint. The majority states that “[t]he stakes are significant.” Respectfully, I believe what is at stake is only whether count III stated a cause of action. That count merely alleges that the developer and the escrow agent violated section 718.202, Florida Statutes, “when they established a single account (rather than two accounts) by means of which to hold the Purchaser’s deposit.” We should simply reverse the dismissal. The pleadings in this case have not defined the issue the majority seeks to decide — whether the statute calls for “a special escrow account,” as the language of the statute requires, or “a special separate escrow bank account,” as the majority has redrafted the statute.
The case on which the majority relies, Double AA International Investment Group, Inc. v. Swire Pacific Holdings, Inc., 674 F.Supp.2d 1344 (S.D.Fla.2009), was a decision rendered after a trial, not a motion to dismiss. Furthermore, on appeal, the Eleventh Circuit never approved the reasoning adopted by the majority.
[Appellants] argue that the requirements of § 718.202 are met by a “separate accounting” of the funds placed in escrow in excess of ten percent of the purchase price, even if all of the deposited funds are kept in a single account. However, even if a separate accounting *662 of the escrowed deposits satisfies the requirements of § 718.202, the district court found that the accounting practices here failed to meet even this standard. On this record, we cannot say this finding was clearly erroneous. The record reflects that only a single escrow account was opened to hold all of the contract deposits made by purchasers of Asia condominium units. While [the Escrow Agent] maintained a separate buyer’s transaction log for each condominium unit, this log does not separate the buyer’s protected ten percent deposit from the second ten percent deposit that could be withdrawn to pay for construction costs. We note that the buyer’s transaction log in evidence contains two distinct columns that allow the escrow agent to distinguish deposits in the first ten percent from deposits in the second ten percent, but those columns simply were not utilized to keep track of the deposits at issue in this case. Instead, the log contains a single listing of all deposits and withdrawals on the account, without indicating which funds are protected under § 718.202(1). Thus, regardless of whether the statute requires one escrow account or two,[FN2] the district court did not err in finding the contract voidable under § 718.202(5) for failure to maintain a separate accounting, and therefore did not err in ordering the full return of Plaintiffs’ deposits plus interest.
Double AA Int'l Inv. Group, Inc. v. Swire Pac. Holdings, Inc., 637 F.3d 1169, 1170-1171 (11th Cir.Fla.2011). More importantly, in footnote 2, the Eleventh Circuit Court stated: “Since there was no separate accounting, we need not and do not reach the issues regarding the statutory construction of § 718.202, the effect of the Department of Business and Professional Regulation’s informal legal opinion, or the new amendment to § 718.202.” If the Eleventh Circuit did not reach those issues after a full trial, I see no reason for us to reach them here on a motion to dismiss.