DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**UNITED AUTOMOBILE INSURANCE COMPANY,**
Appellant,

v.

**KEITH BUCHALTER, D.C.,** d/b/a **SOUTH BROWARD CHIROPRATIC CENTER A/A/O MARIA GARCIA,**
Appellee.

No. 4D22-14

[August 3, 2022]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Robert W. Lee, Judge; L.T. Case Nos. COCE03-013859 and CACE07-33993.

Michael J. Neimand, House Counsel, United Automobile Insurance Company, Miami.

No appearance for appellee.

KUNTZ, J.

United Automobile Insurance Company appeals the county court's final judgment entered in favor of the Provider, Keith H. Buchalter, D.C. d/b/a South Broward Chiropractic Center. The court awarded the Provider $45,000. But the claims leading to the final judgment were based on the personal injury protection ("PIP") statute, which did not provide a private right of action for the claims. Therefore, we reverse the final judgment and the related award of attorney's fees and costs. We remand to allow the court to award attorney's fees and costs on a claim not included in the judgment on appeal.

### *Background*

In 2003, the Provider sued United for breach of contract for PIP benefits and for a declaratory judgment about coverage. United filed an answer and affirmative defenses and separately asked the court to dismiss the declaratory judgment claim. The Provider voluntarily dismissed the declaratory judgment claim.

Three years later, the Provider amended its complaint. The amended complaint re-asserted a declaratory judgment claim. The amended complaint also asserted three new claims: (1) statutory violation of insurance code sections 627.736(4)(f), Florida Statutes (2002); (2) statutory violation of insurance code sections 627.736(6)(b) and 626.9541, Florida Statutes (2002); and (3) statutory violations of insurance code sections 627.736(11)(f) and 626.9541, Florida Statutes (2002).

In response, United filed its answer and affirmative defenses to the amended complaint. United also moved to dismiss the three new claims and the renewed claim for declaratory relief. The county court granted the motion in part and dismissed the renewed claim for declaratory relief but denied the motion as to the three new claims.

The Provider later moved for sanctions and to strike United's pleadings. The motion explained that the parties agreed to continue the adjuster's deposition. On the same day, United told the Provider it would not attend the deposition and would confess judgment. The Provider's motion stated this was its seventh attempt to depose the adjuster with the most knowledge of the case.

United later partially confessed judgment on Counts I and II and stipulated to the Provider's entitlement to attorney's fees on those counts. However, United again moved to dismiss Counts III, IV, and V for failure to state a claim, arguing no private right of action existed for those claims.

The county court did not specifically decide United's motion to dismiss. Instead, the court granted the Provider's motion for sanctions, struck United's pleadings, and entered a default judgment. The order included an exhaustive list of United's discovery violations. The court applied the factors set out in *Kozel v. Ostendorf*, 629 So. 2d 817 (Fla. 1993), and found the sanction appropriate. The same day, the court entered a partial final judgment on Count I.

The county court subsequently entered a final judgment in the Provider's favor on the remaining counts. The court found United's "violations as alleged in Counts III, IV, and V were willful and that the maximum fine of $15,000 per count for a total of $45,000 shall be imposed."

### *Analysis*

To begin, we address the Provider's argument that United waived its argument on appeal by not challenging the sanctions order which struck United's answer and defenses. Although "[d]ismissal or striking of pleadings and entry of default is the most severe sanction available and must be commensurate with the violation," *Asper v. Maxy Aviation Services, L.C.*, 915 So. 2d 271, 273 (Fla. 4th DCA 2005) (citation omitted), we agree that our review is constrained because United did not appeal the sanctions order. *See, e.g., Robinson v. Nationwide Mut. Fire Ins. Co.*, 887 So. 2d 328, 330 (Fla. 2004). But that does not complete our analysis.

The default entered against United as a sanction did not authorize the county court to enter a final judgment on counts that were legally insufficient. *Morales v. All Right Miami, Inc.*, 755 So. 2d 198, 198 (Fla. 3d DCA 2000). United had a right to argue the Provider's claims failed to state a cause of action. Fla. R. Civ. P. 1.140(h)(2) ("The defenses of failure to state a cause of action . . . may be raised by motion for judgment on the pleadings or at the trial on the merits in addition to being raised either in a motion under subdivision (b) or in the answer or reply."); *see also Bank of N.Y. Mellon v. Condo. Ass'n of La Mer Estates, Inc.*, 175 So. 3d 282, 286 (Fla. 2015).[1] So while we do not review the sanctions order and subsequent default, we conclude United did not waive its challenge as to the sole counts at issue in this appeal.

Turning to those counts, United maintains that the Provider impermissibly brought bad-faith claims based on sections 627.736(4)(f), (6)(b), and (11)(f), Florida Statutes (2002). As these sections do not provide for damages, the Provider sought statutory fines under the Unfair Insurance Trade Practices Act. § 626.9521(2), Fla. Stat. (2002). United argues the statutory remedy for a first-party bad-faith action is found in section 624.155, Florida Statutes (2002). We agree.

Whether PIP includes the right for an individual insured to seek sanctions against an insurance company depends on legislative intent. *United Auto. Ins. Co. v. A 1st Choice Healthcare Sys.*, 21 So. 3d 124, 128 (Fla. 3d DCA 2009) (citation omitted). As our Florida Supreme Court instructs, "legislative intent . . . should be the primary factor considered by a court in determining whether a cause of action exists when a statute does not expressly provide for one." *Murthy v. N. Sinha Corp.*, 644 So. 2d

---

[1] In *Bank of New York Mellon*, 175 So. 3d at 286, the court held that a judgment entered on a claim that fails to state a cause of action is voidable, not void.

983, 985 (Fla. 1994) (citations omitted). Legislative intent is found in the "comprehensive statutory scheme." *Day v. Sarasota Drs. Hosp., Inc.*, No. 8:19-CV-1522-T-33TGW, 2019 WL 11499414, at *2 (M.D. Fla. Sept. 16, 2019) (citation omitted). "Absent a specific expression of such intent, a private right of action may not be implied." *A 1st Choice*, 21 So. 3d at 128 (citation omitted).

For example, in *A 1st Choice*, the Third District concluded section 627.736(4)(b) did not provide a private right of action against an insurer that did not submit an explanation of benefits within the thirty-day deadline. 21 So. 3d at 128. The court found "nothing in the text of section 627.736(4)(b) from which one c[ould] deduce that the legislature intended an insured have a private right of action against an insurer for failure to provide an EOB." *Id.* at 129. The court explained "the statute only authorizes one cause of action: a cause of action for personal injury protection benefits." *Id.*; *see also United Auto. Ins. Co. v. Coastal Wellness Ctr., Inc.*, 28 So. 3d 246, 246 (Fla. 4th DCA 2010) (citing *A 1st Choice*, 21 So. 3d at 124, and reversing the lower court's award of damages for the insurer's failure to timely mail the EOB).

Likewise, here, the Provider stated claims against United for alleged general business practices that included not paying valid claims, not paying valid claims until receiving a demand letter, and requesting documentation without a reasonable basis to do so. *See* §§ 627.736(4)(f), (6)(b), and (11)(f), Fla. Stat. (2002). But no language in those three sections expressly allows for a private right of action. Rather, section 624.155, Florida Statutes (2002), addresses who may bring a civil action against an insurer and the basis for those actions. Section 624.155 lists the exact subsections within Florida's Unfair Insurance Trade Practices Act that support a civil remedy. *See* § 624.155(1)(a)1., Fla. Stat. (2002). The civil remedy provision allows "any person" to bring a civil action against the insurer for violating section 626.9541(1)(i), (o), or (x)—i.e., unfair claim settlement practices, illegal dealings in premiums, and the refusal to insure. *Id.* Thus, the legislature limited the sections for which a person has a private remedy.

Viability of the Provider's claims requires that the claim be found in the statute. *See, e.g., Buell v. Direct Gen. Ins. Agency, Inc.*, 267 Fed. Appx. 907 (11th Cir. 2008). But the Provider relied on sections of the PIP statute that do not create a private remedy. The remedies sought by the Provider are not among those permitted by the legislature. So the county court erred when it denied the Insurer's motion to dismiss those counts and, as a result, when it entered judgment on those counts.

Our reversal of the judgment also requires reversal of the county court's fee award. On this issue, we remand for further proceedings. Separate from the three claims for which no cause of action existed, the insurer confessed judgment on Count I, and the court entered a partial final judgment on that count. In its confession of judgment, United stipulated to the Provider's entitlement to attorney's fees and costs. Later, the partial final judgment reserved jurisdiction to award attorney's fees and court costs. On remand, subject to the requirements of the Florida Rules of Civil Procedure and other applicable law, the court may award the Provider its attorney's fees and costs if those attorney's fees and costs relate to Count I.

### *Conclusion*

The county court's final judgment is reversed. The case is remanded for the entry of an amended award of attorney's fees and costs limited to Count I of the Provider's complaint.

*Reversed and remanded.*

DAMOORGIAN and GERBER, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**