829 So.2d 319 (2002)
Ira VANCE, Appellant,
v.
James L. THOMAS, Appellee.
No. 5D01-3163.
District Court of Appeal of Florida, Fifth District.
October 25, 2002.
*320 Ira Vance, Lowell, Pro se.
David C. Knapp, of Rogers, Dowling & Coleman, P.A., Orlando, for Appellee.
HARRIS, J.
Vance sued Thomas for damages inflicted in an automobile accident. The matter was mediated while Vance was incarcerated but was permitted to attend by telephone. A settlement agreement was allegedly authorized by Vance for $8,500 but Vance denies ever agreeing to this settlement. When Vance's counsel received the settlement draft and release, he took them to the Marion County Correctional Institution for Vance to execute. Vance refused to see him and the papers were not executed.
After notice to Vance that he would apply to the court for his attorney's fees and costs, Vance's attorney appeared before the judge ex parte and obtained an order directing the insurance company to pay directly to the lawyer his fees and costs. Although the court found that "[t]his case settled for $8,500," there is no finding by the judge and no suggestion by Vance's counsel that Vance ever agreed to the settlement. The only hearing noticed was that the lawyer would seek fees and costs, not that he would seek enforcement of a contested settlement agreement. There was no specific judicial determination that Vance ever agreed to the settlement. When Vance received a copy of the order requiring direct payment of fees and costs to his lawyer, he filed an objection stating that he had not agreed to the settlement and asked the court for relief from its previous order. The court denied relief. We reverse.
We find the notice of a hearing merely for attorneys fees is inadequate for a court to conduct a hearing to enforce a settlement agreement. It is possible that Vance, a non-lawyer, might have believed that his lawyer could seek fees based on his failure to agree to the proffered settlement. When he discovered that the fees were ordered because the court apparently believed that a settlement had occurred, he immediately objected. The court should have held a hearing on what amounted to a motion for rehearing. Appellee's only position in this case is that Vance has not provided sufficient record to rebut the inference of correctness of the court's ruling. There was, of course, no transcript of the mediation hearing and no record that a settlement was agreed to by Vance. Because of the inadequate notice that enforcement of a settlement agreement would be sought at the hearing on attorney's fees, we find the failure of an incarcerated non-lawyer to request a court reporter to attend the hearing is not dispositive.
Even assuming that an informal mediation (is this really a common law settlement?) can result in an enforceable settlement without written evidence that both parties have agreed thereto, still one who asserts a settlement agreement has the burden of establishing it. See Williams v. Ingram, 605 So.2d 890, 893 (Fla. 1st DCA 1992). Further, such verbal settlement *321 should be pled and a hearing directed to that issue should be scheduled and noticed.
REVERSED and REMANDED for further proceedings consistent with this opinion.
GRIFFIN and SAWAYA, JJ., concur.