# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D18-4896

_____

CEFCO d/b/a WHICH WICH
SUPERIOR SANDWICHES,

    Appellant,

    v.

JAIME ODOM,

    Appellee.

_____

On appeal from the Circuit Court for Santa Rosa County.
David Rimmer, Judge.

September 9, 2019

LEWIS, J.

Appellant, CEFCO d/b/a Which Wich Superior Sandwiches, appeals the trial court's order denying its motion to compel arbitration and motion to stay proceedings and, in the alternative, petitions for a writ of certiorari. For the reasons that follow, we affirm the trial court's ruling and deny the petition.

## BACKGROUND

Appellee, Jaime Odom, filed an amended complaint against Appellant, alleging that she was hired as a marketing manager for Appellant's Milton, Florida store and worked there from around January 30 to April 29, 2017, during which time she was sexually harassed, retaliated against for complaining about the harassment

and other unlawful conduct, and not paid the wages she earned. Appellee filed interrogatories and a request for production of documents.

Appellant, in turn, filed a motion to compel arbitration and motion to stay proceedings, in which it argued that Appellee's claims must be resolved through arbitration pursuant to the Mutual Arbitration Agreement ("Agreement") she entered into as a requirement of her employment and sought a stay of all proceedings until the arbitration proceedings were completed. Appellant attached to its motion a copy of the Agreement, which sets forth the disputes and claims to be resolved by binding arbitration, specifies that it is governed by the Federal Arbitration Act ("FAA"), and provides that the applicant "will electronically sign this agreement as part of the onboarding process" and "by checking the confirmation box and clicking the 'next' button," the applicant acknowledges reading and understanding the Agreement and agrees to its terms and to the use of an electronic signature. The Agreement does not contain a confirmation box, a date, Appellee's name, or her signature. Appellant filed a supplemental motion to stay proceedings including discovery pending resolution of the motion to compel arbitration.

In her memorandum in opposition to the motion to compel arbitration, Appellee argued that the motion must be denied because Appellant failed to establish the existence of a valid written agreement to arbitrate. Appellee submitted her affidavit, attesting that she was hired by General Manager Justin Croxton and did not go through an on-boarding process, she was never presented with the Agreement and did not see it until Appellant filed its motion, she never entered into the Agreement or agreed to its terms, and "[i]f anyone purportedly entered into the agreement on [her] behalf, he or she did so without [her] knowledge or consent."

Appellant filed a reply, contending as follows: Michael Raisbeck serves as Appellant's Vice President of Human Resources, Custodian of Employment Records and Related Documents, and Systems Administrator for the PeopleMatter Applicant Tracking System, and he provided an affidavit "outlining [Appellant's] employment and application procedures as

2

applied at the time of [Appellee's] application for employment." In order to apply for a position with Appellant, one must complete an application electronically. On January 22, 2017, Appellee electronically signed Appellant's E-Signature Disclosures & Consent, thereby agreeing to electronically receive, access, review, and/or sign materials related to her employment application. When a store manager decides to hire an applicant, an email is sent to the prospective employee with a conditional offer of employment and a link that takes him or her "into the system to complete additional required On-Boarding hiring documents." The prospective employee must enter a unique username and password, which no one within the company can access unless the employee shares it. Upon signing in, the prospective employee is taken to the on-boarding, where he or she must view and complete eighteen items, including the Agreement. The person must click a link to download each document and check the box to consent, authorize, and confirm understanding thereof before clicking "Next" to move onto the next item. On January 31, 2017, Appellee completed the eighteen on-boarding items required for employment, including the Agreement.

In his affidavit, Raisbeck explained Appellant's application and on-boarding process as Appellant did in its reply. Raisbeck attested in part that to the best of his knowledge, Appellee completed the on-boarding items on January 31, 2017, and the task log shows she completed the Agreement.

Appellee filed a second affidavit, attesting as follows: Appellee never met or interacted with Raisbeck and, to her knowledge, he had no involvement in her employment. Raisbeck was not at the store at any time Appellee was there; thus, he has no personal knowledge about her hiring and whether she received the alleged documents. Prior to applying, Appellee knew the store's manager, Croxton, and he offered her a job. Appellee then applied online from the store while Croxton was sitting next to her. A few days later, Appellee received a conditional job offer with a start date of January 30, 2017. When Appellee arrived on January 30th, Croxton asked her for information such as her social security number, driver's license, voided check for direct deposit, and tax form and said he would "take it from there," and she "was promptly then put to work." Appellee did not go through any on-boarding

3

process and was not informed about any of the various forms Raisbeck referred to in his affidavit. Croxton later told Appellee that he had established a password and user ID for her, which she never used. Croxton may have entered the on-boarding information without Appellee's knowledge, but she did not authorize or consent to his doing so. Appellee "never saw or agreed to anything regarding arbitration."

The trial court entered an order on Appellant's motion to compel arbitration and motion to stay proceedings, whereby it denied the motion without prejudice and gave Appellant twenty days to respond to the complaint and outstanding discovery requests. The trial court stated that by responding to the complaint and discovery requests, Appellant "is not waving its ability to file a motion to compel arbitration at a later date" and "[s]hould [Appellant] uncover competent evidence in the course of discovery that [Appellee] executed a purported agreement to arbitrate, [it] may promptly file another motion to compel arbitration should it so desire." This appeal and, in the alternative, petition for writ of certiorari followed.

## ANALYSIS

We review a trial court's factual findings for competent, substantial evidence, but review its construction of an arbitration agreement and its application of the law to the facts *de novo*. *Gainesville Health Care Ctr., Inc. v. Weston*, 857 So. 2d 278, 283 (Fla. 1st DCA 2003); *see also Kendall Imports, LLC v. Diaz*, 215 So. 3d 95, 98 (Fla. 3d DCA 2017). Under the FAA, as well as the Florida Arbitration Code, there are three elements for courts to consider in ruling on a motion to compel arbitration: (1) whether a valid written agreement to arbitrate exists, (2) whether an arbitrable issue exists, and (3) whether the right to arbitrate was waived. *Gainesville Health Care Ctr., Inc.*, 857 So. 2d at 282 (citing *Seifert v. U.S. Home Corp.*, 750 So. 2d 633 (Fla. 1999)); *see also Raymond James Fin. Servs., Inc. v. Saldukas*, 896 So. 2d 707, 711 (Fla. 2005) (explaining the same and noting that arbitration provisions are generally favored).

In this case, only the first element is at issue, *i.e.*, whether a valid written agreement to arbitrate exists. The Agreement expressly states that the FAA applies to it.

4

The FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2 (2017).  It further provides:

> The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement. . . . If the making of the arbitration agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof. If no jury trial be demanded by the party alleged to be in default, or if the matter in dispute is within admiralty jurisdiction, the court shall hear and determine such issue.

9 U.S.C. § 4 (2017).

It is a well-established principle that one who signs a contract is generally bound by it, and a party to a written contract cannot defend against its enforcement on the sole ground that he or she signed it without reading it. *Kendall Imports, LLC*, 215 So. 3d at 100.  Electronic signatures are valid. *Haire v. Fla. Dep't of Agric. & Consumer Servs.*, 870 So. 2d 774, 789 (Fla. 2004).  In fact, no signature is required to satisfy the FAA's written agreement requirement. *BDO Seidman, LLP v. Bee*, 970 So. 2d 869, 874 (Fla. 4th DCA 2007).  Similarly, under state law contract principles, a contract may be binding on a party who did not sign it where assent can be shown by that party's acts or performance.  *Id.* "However, 'there must be sufficient proof that the parties actually agreed to arbitrate.'" *Id.* (citation omitted).

"[G]enerally applicable contract defenses under state law, such as fraud, duress, or unconscionability, may be applied to

5

invalidate arbitration agreements without contravening section 2 of the FAA." *Glob. Travel Mktg., Inc. v. Shea*, 908 So. 2d 392, 397 (Fla. 2005); *see also Gainesville Health Care Ctr., Inc.*, 857 So. 2d at 283 ("Both the Federal Arbitration Act and the Florida Arbitration Code permit a challenge to the validity of an arbitration provision based upon any state-law contract defense."); *S.D.S. Autos, Inc. v. Chrzanowski*, 976 So. 2d 600, 605 (Fla. 1st DCA 2007) (same).

A party may not be forced to submit to arbitration absent a valid written agreement to arbitrate, and the applicability of the FAA hinges on whether such an agreement exists. *HHH Motors, LLP v. Holt*, 152 So. 3d 745, 747 (Fla. 1st DCA 2014). As such, the threshold inquiry is whether an agreement to arbitrate was formed. *Id.* "The determination of whether a contract exists is governed by state law . . . ." *Id.*; *see also Larsen v. Citibank FSB*, 871 F.3d 1295, 1302-03 (11th Cir. 2017) (stating that issues relating to the formation of an arbitration agreement must be resolved as a matter of state contract law); *Basulto v. Hialeah Auto.*, 141 So. 3d 1145, 1152-56 (Fla. 2014) (explaining that "the threshold requirement [is] that the trial court be 'satisfied with the making of the agreement for arbitration'").

The party seeking enforcement of an agreement has the burden of establishing that an enforceable agreement exists. *See Palm Garden of Healthcare Holdings, LLC v. Haydu*, 209 So. 3d 636, 638 (Fla. 5th DCA 2017) ("Appellants, as the proponents of arbitration, have the burden of establishing an enforceable written agreement to arbitrate."); *Vance v. Thomas*, 829 So. 2d 319, 320 (Fla. 5th DCA 2002) (stating that the party asserting a settlement agreement has the burden of establishing it and citing for that proposition *Williams v. Ingram*, 605 So. 2d 890 (Fla. 1st DCA 1992), where we noted that "[s]ettlement agreements are to be interpreted and governed by the law of contracts"). To prove the existence of a contract under Florida law, the party seeking to enforce the contract must prove offer, acceptance, consideration, and sufficient specification of essential terms. *St. Joe Corp. v. McIver*, 875 So. 2d 375, 381 (Fla. 2004).

In *Steve Owren, Inc. v. Connolly*, 877 So. 2d 918, 919-20 (Fla. 4th DCA 2004), the Fourth District affirmed the trial court's denial

of the appellant's motion to compel arbitration upon finding that the appellant failed to carry its burden of proving the existence of an enforceable written agreement to arbitrate. The appellee unequivocally testified that she never signed the agreement or agreed to arbitration, and the appellant's "contrary evidence was basically habit and practice." *Id.*

Similarly, in *Bazemore v. Jefferson Capital Systems, LLC*, 827 F.3d 1325, 1327 (11th Cir. 2016), the Eleventh Circuit affirmed the denial of the defendant/appellant's motion to compel arbitration upon holding that the defendant failed to establish the existence of an agreement to arbitrate. The purported agreement was governed by the FAA, and the issue of whether the agreement existed was governed by Georgia contract law, which required the proponent of the contract to prove its existence. *Id.* at 1329-30. The defendant tried to meet its burden of proof by offering the declaration of an employee of the company that maintained records on its behalf, who conclusorily stated that the plaintiff/appellee accepted the terms of the agreement, but did not assert any personal knowledge or produce documents in support, and merely explained what "would have been" done pursuant to the company's ordinary practice. *Id.* at 1327-28. The Eleventh Circuit found that the employee's declaration was "woefully inadequate" and the defendant's motion should have been denied because the defendant did not present any competent evidence that the plaintiff entered into an arbitration agreement. *Id.* at 1330-32.

By contrast, in *Buckhalter v. J.C. Penney Corporation, Inc.*, 3:11-CV-752-CWR-FKB, 2012 WL 4468455, at *1-2 (S.D. Miss. Sept. 25, 2012), a case upon which Appellant relies, the district court granted the defendant's motion to compel arbitration and applied Mississippi law, under which the burden of proving a valid contract also rested with the defendant as the party moving to compel arbitration pursuant to an alleged arbitration agreement between the parties. The plaintiff denied in his pleading that the signature on the arbitration agreement was his, but he offered no affidavit or other evidence in support of his assertion, whereas the defendant provided substantial evidence to the contrary. *Id.* at *2. The defendant presented the declaration of its director, who explained what each new employee must do once hired, which

included the creation of a confidential password and then the completion of an on-boarding process during which he has to review, complete, and/or electronically sign forms that include the arbitration agreement. *Id.* "Although [the director's] declaration is detailed, it only attests to [the defendant's] general practice and does not provide testimony of direct knowledge of what happened in this particular case." *Id.* The defendant also offered the affidavit of the manager of the store where the plaintiff was employed concerning the circumstances surrounding the plaintiff's hiring and on-boarding process. *Id.* at *3. The manager attested that he hired the plaintiff and was present when the plaintiff began employment, the plaintiff created a password and did not share it with him, the plaintiff electronically signed various documents that included the arbitration agreement, and he knew the plaintiff completed and signed the forms because he had to complete one of them in conjunction with the plaintiff. *Id.* In response to that evidence, the plaintiff "does not dispute or offer evidence that he did not create a password, nor does he deny that he used that password to review and electronically sign the other documents." *Id.* "Moreover, he has not provided any evidence that others had access to his password and used it to retrieve his information and affix his electronic signature." *Id.* "Without evidence to the contrary, the Court must find that [the plaintiff] assented to the arbitration agreement and that a valid arbitration agreement existed between the parties." *Id.*

Moreover, in *Bazemore*, the Eleventh Circuit rejected the defendant's argument that pursuant to section 4 of the FAA, the case should be remanded for trial upon concluding that the defendant failed to prove the existence of the alleged arbitration agreement. 827 F.3d at 1333. "[Defendant] would have us hold, essentially, that a party cannot lose a motion to compel arbitration for failure to prove that an arbitration agreement exists without being afforded a second bite at the apple—an opportunity to prove the agreement's existence at trial. This we decline to do." *Id.* In considering the "standard for determining whether a trial is necessary to determine the existence of an arbitration agreement," the Eleventh Circuit looked to the decisions of other circuit courts and concluded:

8

We agree with our sister circuits that a summary judgment-like standard is appropriate and hold that a district court may conclude as a matter of law that parties did or did not enter into an arbitration agreement only if "there is no genuine dispute as to any material fact" concerning the formation of such an agreement. Fed. R. Civ. P. 56(a). A dispute is not "'genuine' if it is unsupported by the evidence or is created by evidence that is 'merely colorable' or 'not significantly probative.'" *Baloco v. Drummond Co.*, 767 F.3d 1229, 1246 (11th Cir. 2014) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986)), cert. denied, —— U.S. ——, 136 S. Ct. 410, 193 L.Ed.2d 317 (2015). "This court has consistently held that conclusory allegations without specific supporting facts have no probative value" for a party resisting summary judgment. *See Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000) (quotation marks omitted).

*Id.* (concluding that the defendant's motion had to be denied as a matter of law without trial because the defendant offered no competent evidence to demonstrate the existence of a genuine issue of material fact regarding the existence of an arbitration agreement, and noting that while the plaintiff "provided almost no evidentiary support for her contention that she never entered into an arbitration agreement," and did not submit an affidavit, it was the defendant's burden to prove the existence of the contract it sought to enforce and the entry of summary judgment is proper against a party who fails to establish the existence of an essential element on which it will bear the burden of proof at trial).

Here, Appellant challenges the trial court's denial of its motion to compel arbitration. Appellant correctly asserts that one who signs a contract is presumed to know and agree to its terms and that an electronic signature is valid, but those arguments overlook the issue at hand, which is whether Appellee entered into the Agreement. Appellant contends it presented ample proof that Appellee received, reviewed, and signed the Agreement, whereas she provided only a self-serving affidavit and did not dispute her creation of a password and completion of the on-boarding process or claim that someone had access to her password and used it to

9

complete the on-boarding process for her. Appellant's arguments are refuted by the record.

Appellant filed a motion to compel arbitration, arguing that the parties agreed to arbitration by entering into the Agreement. Notably, the Agreement does not contain a date or any reference to Appellee. In opposition to the motion, Appellee filed her sworn affidavit, attesting that she had never seen, signed, or agreed to the terms of the Agreement and that anyone who may have done so on her behalf did it without her knowledge and consent. Appellant, in turn, filed the affidavit of Raisbeck, who did not claim to have personal knowledge of the hiring and employment process Appellee actually underwent and could speak only of Appellant's ordinary practice. As such, Raisbeck's affidavit was not competent evidence that Appellee entered into the Agreement. *See Steve Owren, Inc.*, 877 So. 2d at 919-20; *Bazemore*, 827 F.3d at 1327-28; *Buckhalter*, 2012 WL 4468455, at \*2. The documentary evidence Appellant presented tended to show that the on-boarding process was began by or on behalf of Appellee and included the completion of the Agreement. However, Appellee filed a second affidavit, explaining the hiring and employment process she actually underwent. Appellee attested that she provided certain personal information to Croxton, the store manager who hired her, and he said he would "take it from there" and later told her that he had created a user ID and password for her. Appellee swore that she never used that log-in information, did not have any knowledge of or participation in any on-boarding process, did not have knowledge of Croxton completing the on-boarding process and did not authorize or consent to his doing so, and never saw or agreed to anything regarding arbitration. As such, Appellee clearly disputed her creation of a password and completion of the on-boarding process. *Cf. Buckhalter*, 2012 WL 4468455, at \*2. Significantly, Appellant made no assertions much less offer evidence to dispute Appellee's claims. Contrary to Appellant's argument, the burden of proof rested with it; as the party seeking to enforce the Agreement, it was Appellant's burden to establish its existence. Appellant failed to meet that burden.

For the first time in its reply brief, Appellant asserts that the trial court should have conducted a full evidentiary hearing if Appellee's affidavit established a substantial dispute about the

10

making of the Agreement.  In so arguing, Appellant relies on an inapplicable standard and overlooks that the record evinces no request for such a hearing by either party.  While Appellant claims it made an *ore tenus* request for an evidentiary hearing at the conclusion of the motion hearing, it failed to file a transcript of the hearing in support.  Even if Appellant's assertion is correct and its request was timely, it waived the argument by raising it for the first time in its reply brief.  *See Land v. Fla. Dep't of Corr.*, 181 So. 3d 1252, 1254 (Fla. 1st DCA 2015) ("It is well-settled that that '[a]n issue not raised in an initial brief is deemed abandoned and may not be raised for the first time in a reply brief.'" (citation omitted)).  Furthermore, the fact remains that Appellant offered no competent evidence to create a genuine issue of material fact regarding the existence of the Agreement between the parties so as to warrant a trial on the matter.  *See Bazemore*, 827 F.3d at 1333.  In fact, the trial court denied Appellant's motion without prejudice, allowing it to file another motion should it "uncover competent evidence."  Appellant failed to come forward with any evidence in response to Appellee's second affidavit or following the trial court's ruling, suggesting that no such evidence exists and a trial on the matter would be futile.  Appellant is not entitled to a second bite of the apple.  *See id.*  Therefore, the trial court did not abuse its discretion in denying Appellant's motion to compel arbitration.

In the alternative, Appellant petitions for a writ of certiorari based on the trial court's denial of its motion to stay proceedings. Appellant asserts that it will be irreparably harmed by being required to engage in discovery not limited in scope to matters related to arbitration while the issue of arbitrability is still pending and that the trial court departed from the essential requirements of law in requiring it to do so.  Appellant's argument is without merit because it is based on the incorrect assertion that a final decision on the issue of arbitrability has not been made and the issue is still pending in the trial court.  The trial court unequivocally denied Appellant's motion to compel arbitration, and merely did so without prejudice.  Contrary to Appellant's assertion, the trial court did not reserve ruling on the issue of arbitrability.  No motion to compel arbitration or ruling thereon remained pending in the trial court.  Thus, Appellant is not entitled to a writ of certiorari.

## CONCLUSION

For the foregoing reasons, we affirm the trial court's order on Appellant's motion to compel arbitration and motion to stay proceedings and deny the certiorari petition.

AFFIRMED.

B.L. THOMAS and ROBERTS, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Scott A. Cole and Lissette Gonzalez of Cole, Scott & Kissane, P.A., Miami, for Appellant.

Bradley S. Odom and Richard D. Barlow of Odom & Barlow, P.A., Pensacola, for Appellee.