GROSS, C.J.
 

 In its second tier petition for writ of certiorari, MRI Associates of America, LLC, challenges the decision of a circuit court sitting in its appellate capacity. Finding that the circuit court applied the correct law, we deny the petition.
 
 [1]
 

 The litigation below concerns MRI Associates’ claim for unpaid benefits under PIP coverage which State Farm Fire And Casualty Company provided to its insured, Ebba Register. Register was in a car accident and sustained injuries. Her treating chiropractor referred her for diagnostic testing to MRI Associates, which performed two MRI scans. Operating under an assignment of benefits from Register, MRI Associates sent its medical records and a health insurance claim form to State Farm seeking a total of $3,523.50; $1,707.33 for one MRI and $1,816.17 for the other.
 

 State Farm hired an expert who performed a “paper peer review” of the bills and medical records and provided a report concluding that both MRIs were not “reasonable,” related to the accident, or “medically necessary.” State Farm denied the claim, detailing several reasons, including the failure to calculate the charges in ac
 
 *464
 
 cordance with section 627.736(5), Florida Statutes (2006).
 

 MRI Associates then submitted a pre-suit demand letter pursuant to section 627.736(11) which showed $1,816.17 and $1,707.33 as the amounts billed for the two MRIs, the same amounts that were contained in the health insurance claim form. The bill also contained an additional column labeled “Amount in Dispute if Paid at 80%;” this column listed one MRI amount as $1,146.22 and the other as $1,061.31. After receiving the demand letter, State Farm declined to pay.
 

 In the county court, MRI Associates filed suit to recover unpaid PIP benefits. On competing motions for summary judgment, the county court ruled that MRI Associates had satisfied the prerequisites of section 627.736(5), and that State Farm could not rely on the report of its expert to deny the claim since it was not a “valid report” as contemplated by section 627.736(7)(a). The court entered a final judgment in favor of MRI Associates and State Farm timely appealed.
 

 The appellate panel of the circuit court reversed and remanded to the county court for the entry of a judgment in favor of State Farm. First, the court applied
 
 Central Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Fire and Cas. Ins. Co.,
 
 22 So.3d 782 (Fla. 4th DCA 2009), to hold that the expert’s report could have been a proper basis for State Farm’s denial of the bill. Second, the court relied on
 
 Fountain Imaging of West Palm Beach, LLC v. Progressive Express Ins. Co.,
 
 14 Fla. L. Weekly Supp. 614a (Palm Bch. Cir. Ct.2007) to hold that the presuit demand letter had been sent prematurely, because MRI Associates had not provided State Farm with proper notice of the exact amount owed.
 

 We agree with the reasoning and statutory analysis of
 
 Fountain Imaging.
 
 In that case, Fountain Imaging sent the PIP insurance company two claims seeking $1,500 for each of two MRIs. The insurer denied the claims. Fountain sent a pre-suit demand letter seeking a total of $3,000, “(subject to Medicare Fee Schedule).”
 
 Id.
 
 at 614. The insurer refused to pay and Fountain filed suit. The county court, granted the insurer’s motion for summary judgment, ruling that section 627.736(11) requires that a pre-suit demand letter contain “notice of the amount due.”
 
 Id.
 

 The circuit court affirmed, providing this analysis of the applicable statute:
 

 PIP benefits are not
 
 due
 
 until receipt of “... the
 
 amount of expenses and loss incumd which are covered by the policy
 
 ...” Fla. Stat § 627.736(4)(emphasis supplied). The claim must be submitted on a standardized form, properly completed. Fla. Stat. § 627.736(5)(d). An insurer is not required to pay if the bill “... does not substantially meet the applicable requirements ...” Fla. Stat. § 627.736(5)(b)1.d. Payments are
 
 overdue
 
 “if not paid within 30 days after the insurer is furnished written notice
 
 ... of the amount of [a covered loss].”
 
 Fla. Stat. § 627.736(4)(b)(emphasis supplied). Overdue payments bear statutory interest from the date the claim was originally made. Fla. Stat. § 627.736(4)(c). Suit may not be initiated until a demand letter is sent. The letter may not be sent until the payment is
 
 overdue.
 
 [§ 627.736(ll)(a), Fla. Stat.] It must include an “itemized statement specifying each exact amount,” though “(a) completed form satisfying the requirements of (5)(d) ... may be used ...” Fla. Stat. § 627.736(11). An insurer has 15 days after receipt of the notice to pay the overdue claim, interest, and a 10% penalty, subject to a $250.00 cap. Fla. Stat. § 627.736(11)(d). If it does, the insurer
 
 *465
 
 is not obligated to pay attorney’s fees.
 
 Ml
 

 Applying the reasoning of
 
 Fountain Imaging,
 
 we agree with the circuit court that the pre-suit demand letter was sent prematurely because payment was not overdue. The health insurance claim form failed to specify the exact amount owed under the statute; the $3,523.50 total exceeded what was allowed for the MRIs by the statute.
 
 [2]
 
 The language of subsection 627.736(10)(b)3. requires precision in a demand letter by its requirement of an “itemized statement specifying each exact amount”; it also allows a subsection 627.736(5)(d) health insurance claim form to be “used as the itemized statement.” A necessary conclusion of this language is that the statute requires the same precision in a subsection 627.736(5)(d) health insurance claim form as it does in a subsection 627.736(11)(b)3. demand letter. This requirement makes sense. The statute seeks to encourage “the speedy payment of medical bills arising out of an auto accident by subjecting an insurer who pays late to penalties and imposing attorney’s fees if suit is required.”
 
 Fountain Imaging,
 
 14 Fla. L. Weekly Supp. at 614. The statute mandates that the amount at issue for a bill be specified early in the claims process. This requirement of precision in medical bills discourages gamesmanship on the part of those who might benefit from confusion and delay. The statutory requirements surrounding a demand letter are significant, substantive preconditions to bringing a cause of action for PIP benefits.
 
 See Menendez v. Progressive Express Ins. Co.,
 
 35 So.3d 873, 879-80 (Fla.2010).
 
 [3]
 

 STEVENSON and TAYLOR, JJ., concur.
 

 [1]
 

 . In a second tier certiorari review of an appellate decision of a circuit court, a district court of appeal’s scope of review is narrow. As the supreme court recently wrote:
 

 [W]hen a district court considers a petition for second-tier certiorari review, the "inquiry is limited to whether the circuit court afforded procedural due process and whether the circuit court applied the correct law,” or, as otherwise stated, departed from the essential requirements of law. The departure from the essential requirements of law necessary for granting a writ of certiorari is something more than a simple legal error. Rather, a district court should exercise its discretion to grant review only when the lower tribunal has violated a clearly established principle of law resulting in a miscarriage of justice.
 

 Custer Med. Ctr. v. United Auto. Ins. Co.,
 
 62 So.3d 1086, 2010 WL 4340809 (Fla.2010) (citations omitted).
 

 [2]
 

 .
 
 At the time, MRI services could "not exceed 175 percent of the allowable amount under the participating physician fee schedule of Medicare Part B for year 2001,” subject to certain adjustments. § 627.736(5)(b)5., Fla. Stat. (2006). Certain accredited hospitals were able to charge up to 200% of the amounts in the fee schedule.
 
 Id.
 

 [3]
 

 . As the supreme court has observed, "[t]he statutory requirements originally contained in section 627.736(11), Florida Statutes (2001), are now located in section 627.736(10), Florida Statutes (2009).”
 
 Menendez v. Progressive Express Ins. Co.,
 
 35 So.3d 873, 874 n. 1 (Fla.2010).