# Third District Court of Appeal

## State of Florida

Opinion filed June 7, 2023.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-161
Lower Tribunal No. 20-21675 SP
_____

**Mercury Indemnity Company of America,**
Appellant,

vs.

**Pan Am Diagnostic of Orlando, a/a/o Joceline Pierrilus,**
Appellee.

An Appeal from the County Court for Miami-Dade County, Linda Melendez, Judge.

Conroy Simberg, and Hinda Klein (Hollywood), for appellant.

Douglas H. Stein, P.A., and Douglas H. Stein, for appellee.

Phillips Tadros, P.A., and Mac S. Phillips (Fort Lauderdale); Feiler & Leach, P.L., and Martin E. Leach, for Floridians for Fair Insurance, Inc., as amicus curiae.

Before EMAS, SCALES and LINDSEY, JJ.

EMAS, J.

## INTRODUCTION

Mercury Indemnity Company of America (Mercury) appeals the trial court's final summary judgment entered in favor of appellee/medical provider Pan Am Diagnostic of Orlando (Pan Am), upon a determination that Pan Am's demand letter to Mercury satisfied the requirements of section 627.736(10)(b)3., Florida Statutes (2017), which provides that a demand letter must include "an itemized statement specifying each exact amount, the date of treatment, service, or accommodation, and the type of benefit claimed to be due." That same subsection provides that, alternatively, a "completed form satisfying the requirements of paragraph (5)(d). . . may be used as the itemized statement." Because a properly completed form was used as the itemized statement in compliance with the statutory requirement, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The salient facts, for our purposes, are not in dispute: In 2015, the insured (Joceline Pierrilus) suffered injuries in a motor vehicle accident. She was treated by Pan Am and, in exchange, she assigned to Pan Am her right to pursue personal injury protection (PIP) benefits. On March 3, 2016, Pan Am submitted a bill to Mercury for $4,300 in services rendered to the insured on February 18. Upon receiving the bill, Mercury determined $2,072.30 was

2

the "allowed amount." On March 29, Mercury paid Pan Am $1,657.84, reflecting a twenty percent (20%) reduction for the insured's co-payment responsibility.

On August 31, 2017, Pan Am sent Mercury a demand letter requesting PIP benefits for those services rendered to the insured on February 18. The letter noted the name of the insured, the claim number, and, in the field entitled "ITEMIZED STATEMENT," stated "See attached HCFA/ledger(s) form for bills below." Attached was a fully completed and executed "CMS Form 1500," as described in subsection 627.736(5)(d).[1] The demand letter

---

[1] Section 627.736(5)(d), Fla. Stat. (2017) provides in pertinent part:

*All statements and bills for medical services rendered by a physician, hospital, clinic, or other person or institution shall be submitted to the insurer on a properly completed Centers for Medicare and Medicaid Services (CMS) 1500 form, UB 92 forms, or any other standard form approved by the office and adopted by the commission for purposes of this paragraph.* All billings for such services rendered by providers must, to the extent applicable, comply with the CMS 1500 form instructions, the American Medical Association CPT Editorial Panel, and the Healthcare Common Procedure Coding System (HCPCS); and must follow the Physicians' Current Procedural Terminology (CPT), the HCPCS in effect for the year in which services are rendered, and the International Classification of Diseases (ICD) adopted by the United States Department of Health and Human Services in effect for the year in which services are rendered. All providers, other than hospitals, must include on the applicable claim form the professional license number of the provider in the line or space provided for "Signature of Physician or Supplier, Including Degrees or Credentials."

noted that the amount due was $3,440—80% of the original $4,300 bill. Pan Am's demand letter did not account for or reference the partial payment made earlier by Mercury ($1,657.84).

Mercury did not respond to Pan Am's letter and, in November 2020, Pan Am sued Mercury, alleging Mercury failed to pay for services rendered on February 18, 2016 and that the remaining balance due was $160. Pan Am further alleged it "properly submitted a compliant pre-suit demand letter to [Mercury] prior to the filing" of the lawsuit as required by section 627.736(10)(d).

The parties later filed cross-motions for summary judgment on the validity of the presuit demand letter. Mercury maintained that the demand letter was invalid because the amount sought in the complaint ($160) was much less than the amount set forth in the demand letter ($3,400), and failed to contain the required itemized statement specifying the exact amount claimed to be due so as to notify the insurer of the exact amount for which it would be sued if it did not pay the claim. In support of this position, Mercury relied on our decision in <u>Rivera v. State Farm Mut. Auto. Ins. Co.</u>, 317 So. 3d 197, 204 (Fla. 3d DCA 2021) (holding the insured's presuit demand letter

---

(Emphasis added).

did not meet the PIP statute's specificity requirements: "The demand letter []

notifies the insurer as to *the exact amount for which it will be sued* if the

insurer does not pay the claim") (emphasis added).

In response, Pan Am contended that the demand letter complied with

section 627.736(10)(b)3., and that the failure to provide an itemized

statement is irrelevant because that subsection also provides that,

alternatively, "[a] completed form satisfying the requirements of paragraph

(5)(d). . . may be used as the itemized statement." § 627.736(10)(b)3., Fla.

Stat. (2017).

The trial court denied Mercury's motion for summary judgment and

granted Pan Am's motion for summary judgment, finding that the demand

letter was not defective.[2] This appeal followed.

**ANALYSIS AND DISCUSSION**

This court recently addressed the appropriate standard of review of a

motion for summary judgment in the context of a PIP case:

> The standard of review is de novo, as the granting of a motion
> for summary judgment involves a question of law arising from
> undisputed facts. <u>Florida Bar v. Greene</u>, 926 So. 2d 1195, 1200
> (Fla. 2006); <u>Sierra v. Shevin</u>, 767 So. 2d 524, 525 (Fla. 3d DCA

---

[2] The trial court also concluded that Mercury waived the issue by failing to raise it presuit so that Pan Am could correct any alleged deficiencies. Given our determination that the demand letter complied with section 627.736(10)(b)3., we need not, and therefore do not, reach the question of waiver.

5

2000). Furthermore, "[b]ecause the question presented requires this Court to interpret provisions of the Florida Motor Vehicle No-Fault Law – specifically, the PIP statute – as well as to interpret the insurance policy, our standard of review is de novo." Geico Gen. Ins. Co. v. Virtual Imaging Servs., Inc., 141 So. 3d 147, 152 (Fla. 2013).

Rivera, 317 So. 3d at 202.

We therefore begin our de novo review with the statutory provisions at issue. The express purpose of Florida's Motor Vehicle No-Fault Act is "to provide for medical, surgical, funeral, and disability insurance benefits without regard to fault. . . ." § 627.731, Fla. Statutes (2017). The Florida Supreme Court has elaborated that "the purpose of the no-fault statutory scheme is to 'provide swift and virtually automatic payment so that the injured insured may get on with his [or her] life without undue financial interruption.'" Comprehensive Health Ctr., LLC v. Star Cas. Ins. Co., 48 Fla. L. Weekly D410, 2023 WL 2147310, at *4 (Fla. 3d DCA Feb. 22, 2023) (quoting Ivey v. Allstate Ins. Co., 774 So. 2d 679, 683-84 (Fla. 2000)).

In 2001, the Florida Legislature enacted section 627.736(10), Florida Statutes (2017). That subsection, entitled "Demand Letter," provides that, as a condition precedent to filing any action for PIP benefits, "written notice of an intent to initiate litigation must be provided to the insurer." § 627.736(10)(a). That notice must state that it is a "demand letter under s. 627.736" and must state, with specificity, the name of the insured upon which

6

such benefits are being sought, including a copy of the assignment giving rights to the claimant if the claimant is not the insured, and the claim number or policy number upon which such claim was originally submitted to the insurer. § 627.736(10)(b)1.-2. It is undisputed that Pan Am's presuit demand letter complied with these requirements.

In addition, section 627.736(10)(b)3. (the subsection in dispute) requires the demand letter state with specificity:

> To the extent applicable, the name of any medical provider who rendered to an insured the treatment, services, accommodations, or supplies that form the basis of such claim; and **an itemized statement specifying each exact amount, the date of treatment, service, or accommodation, and the type of benefit claimed to be due. A completed form satisfying the requirements of paragraph (5)(d) or the lost-wage statement previously submitted may be used as the itemized statement.**

(Emphasis added).

Mercury contended below (and here on appeal) that the demand letter is deficient because it did not account for a partial payment made by Mercury prior to its receipt of the demand letter and, ultimately, Pan Am sued for a much smaller amount ($160) than was requested in the letter ($3,400). To support its position, Mercury relies on the purported plain language of section 627.736(10), maintaining it should be read to require that a demand letter include "an itemized statement specifying each *exact amount . . . claimed to*

7

*be due*." (Emphasis added). Under Mercury's proposed reading of the statute, the phrase "claimed to be due" modifies each requirement so that a demand letter must include: "an itemized statement specifying each exact amount . . . claimed to be due," "the date of treatment, service, or accommodation . . . claimed to be due," and "the type of benefit claimed to be due." Because the statute requires a demand letter to include the "exact amount . . . claimed to be due," Mercury continues, the provider/insured must account for prior payments in making its demand. Mercury posits that this statutory construction is supported by our decision in Rivera where this court explained that a demand letter "notifies the insurer as to the *exact amount* for which it will be sued if the insurer does not pay the claim." Rivera, 317 So. 3d at 204. In sum, Mercury requests reversal on the basis that the demand letter, by not accounting for the partial payment, failed to comply with the statute because it failed to state with specificity the exact amount owed by Mercury.

Pan Am refutes Mercury's position in two ways. First, Pan Am contends that the clause "claimed to be due" applies only to the last item listed ("the type of benefit"), and, by nature of the relationship between a provider and the insurer (e.g., the insurer possesses the insurance policy

8

and knows how much it has already paid in total benefits), the statute cannot require that a demand letter include the exact amount due.

Second, and independent of the statutory construction argument, Pan Am contends that it satisfied the requirement of section 627.736(10) through the statutory alternative of attaching to the demand letter the completed CMS-1500 form expressly provided for in lieu of providing an itemized statement.

We agree with Pan Am's second contention—that it complied with the statute by attaching the requisite form to the demand letter. A plain reading of the statute reveals two alternative methods for providing a compliant demand letter containing the statutorily required information: (1) providing "an itemized statement specifying each exact amount, the date of treatment, service, or accommodation, and the type of benefit claimed to be due"; **or** (2) "[a] completed form satisfying the requirements of paragraph (5)(d). . . may be used as the itemized statement." § 627.736(10)(b)(3), Fla. Stat.; MRI Assocs. of Am., LLC v. State Farm Fire & Cas. Co., 61 So. 3d 462, 465 (Fla. 4th DCA 2011) (acknowledging compliance through the alternative of attaching a completed CMS-1500 form: "The language of subsection 627.736(10)(b)3. requires precision in a demand letter by its requirement of an 'itemized statement specifying each exact amount'; it also allows a

subsection 627.736(5)(d) health insurance claim form to be 'used as the itemized statement.'"). <u>See also</u> § 627.736(5)(d), Fla. Stat. (requiring all PIP bills submitted on CMS-1500 forms—also known as "HCFA-1500" forms— to comply with the CMS-1500 form instructions).

Because Pan Am attached to its demand letter the completed form satisfying the requirements of paragraph (5)(d) in lieu of the itemized statement, it complied with the demand letter provisions of section 627.736(10)(b)3. Our decision in <u>Rivera</u>, relied upon by Mercury, is therefore distinguishable because the insured in that case did not endeavor to comply with the statute through the alternative of attaching the completed CMS-1500 form.[3] Instead, its demand letter purported to provide an itemized statement

---

[3] In fairness, it should be noted that the insured in <u>Rivera</u> would not have been able to comply with the statute using this alternative method, i.e., attaching a compliant CMS-1500 form to its demand letter. The insured sought "reimbursement for *transportation costs* incurred in connection with [his] medical treatment"—as opposed to medical services rendered by a physician or other provider—and so no CMS-1500 form was required. <u>Rivera v. State Farm Mut. Auto. Ins. Co.</u>, 317 So. 3d 197, 199 (Fla. 3d DCA 2021) (emphasis added); <u>see also</u> § 627.736(5)(d), Fla. Stat. (2017) ("All statements and bills for medical services rendered by a physician, hospital, clinic, or other person or institution shall be submitted to the insurer on a properly completed Centers for Medicare and Medicaid Services (CMS) 1500 form, UB 92 forms, or any other standard form approved by the office and adopted by the commission for purposes of this paragraph.")

specifying each exact amount, the date of treatment, service, or accommodation, and the type of benefit claimed to be due.[4]

**CONCLUSION**

Because Pan Am's presuit demand letter to Mercury satisfied the requirements of section 627.736(10)(b)3., Florida Statutes (2017), by attaching a "completed form satisfying the requirements of paragraph (5)(d)1. . . [which] may be used as the itemized statement," we affirm the trial court's entry of summary judgment in favor of Pan Am.

Affirmed.

---

[4] Because we hold that Pan Am complied with the statute by attaching to the demand letter a properly completed CMS-1500 form, we do not address Mercury's contention (which it asserts is supported by our decision in Rivera) that the statute must be read to require an itemized statement specifying each exact amount claimed to be due. Rivera involved the issue of compliance by way of an itemized statement (rather than the alternative use of the completed form in lieu of an itemized statement) and for that reason alone, Rivera is inapplicable to the instant case. We do note, however, that there appears to be disagreement among the district courts of appeal regarding the statutory construction of section 627.736 and the requirements of an itemized statement. Compare Chris Thompson, P.A. v. GEICO Indemnity Co., 347 So. 3d 1 (Fla. 4th DCA 2022) (adopting the analysis of Rivera and holding that the demand letter was "hardly precise in the amount claimed to be due" where the demand letter demanded two alternative amounts over $2,000 and the assignee later sued for an amount less than $100) with Bain Complete Wellness, LLC v. Garrison Prop. & Cas. Ins. Co., 356 So. 3d 866 (Fla. 2d DCA 2022) (distinguishing Rivera and holding that the demand letter complied with the statutory requirement to include an itemized statement even though the assignee sued for less than the amount requested in the demand letter).